Barry L. Auman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, September 14, 1978, to Judges MENCER, DISALLE and MACPHAIL, sitting as a panel of three.

*Ralph J. Cappy*, with him *Lester G. Nauhaus*, for appellant.

*Robert A. Greevy*, Assistant Attorney General, with him *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE DISALLE, December 1, 1978:

This is a petition for review filed by Barry L. Auman (Petitioner) requesting us to set aside the deter-

mination of the Pennsylvania Board of Probation and Parole (Board), at Parole No. 2159-G, recommitting him as a convicted parole violator. The Board has raised preliminary objections.[1]

On August 26, 1968, Petitioner was sentenced to a term of two and one-half to ten years for the offenses of burglary and larceny. The effective date .of that sentence was May 26, 1968, with a minimum of November 26, 1970, and a maximum of May 26, 1978. Petitioner was paroled on September 8, 1971. On December 8, 1971, he was declared delinquent as his whereabouts were unknown to the Board. Thereafter, on December 22, 1971, he was arrested in Hattiesburg, Mississippi, on charges of armed robbery. A Board warrant, dated December 29, 1971, was sent to the Mississippi authorities, and was subsequently filed with the sheriff. On March 30, 1972, Petitioner was sentenced to serve fifteen years in the Mississippi State Penitentiary. By letter dated March 1, 1977, the Mississippi authorities advised the Board that Petitioner had been granted parole to the Board's detainer. The Board action, as recorded on March 17, 1977, was "Return as a convicted parole violator." A revocation hearing was afforded Petitioner on April 14, 1977, at which he was represented by counsel. On May 13, 1977, he was recommitted as a convicted parole violator, and his original maximum term was modified to withdraw credit for the period of time on parole prior to his arrest for the other offense on December 22, 1971.

---

[1] The Board's preliminary objections consist of a demurrer and a motion for more specific pleading. The Board notes in its brief, however, "[a]lthough Petitioner's Petition for Review contained only sparse allegations of facts which prompted [the] Motion for a More Specific Pleading as part of its Preliminary Objections, Petitioner's subsequent Brief and Supplemental Brief contain additional factual allegations sufficient for response in this Brief by [the Board]." Consequently, the purpose of the Motion for More Specific Pleading having been satisfied, we will dismiss that objection.

Petitioner first contends that his due process rights have been violated since his parole revocation hearing was not held within a reasonable time. He computes the period of delay as being five years—the difference between the date the Board placed a detainer against him with the Mississippi authorities and the date the Board's hearing actually occurred. Unquestionably, had such a delay transpired while a parolee was incarcerated within a state correctional facility, it would have contravened the requirements of *Morrissey v. Brewer,* 408 U.S. 471 (1972). Here, however, Petitioner was incarcerated in Mississippi. As such, the period of delay does not begin to run until Petitioner was returned to Pennsylvania. *United States ex rel. Burgess v. Lindsey,* 395 F. Supp. 404 (E.D. Pa. 1975). The revocation hearing was held within a month of his return to the Commonwealth authorities. The question becomes, therefore, whether a delay of less than a month violates the constitutional requirement of a timely hearing.

The Board's regulations governing parole and probation set forth an administrative limit on what is reasonable. Petitioner relies on those regulations, found at 37 Pa. Code §71.1 et seq. This reliance is misplaced. The regulation found at 37 Pa. Code §71.4(1) required the revocation hearing to be held within thirty days of notification of imposition of sentence. This limitation, however, was modified by 37 Pa. Code §71.5(c) which provided that if the parolee is in custody in another state, the Board may lodge its detainer, but all other matters shall be deferred until the parolee has been returned to Pennsylvania. Even assuming that these regulations apply in the instant case, it is clear that the Board did not contravene its regulations. We note that effective as of March 1, 1977, new rules and regulations pertaining to hearings

for parole violators were promulgated.[2] Section 71.4-(2)(i) allows the final revocation hearing to be held within 120 days of the official verification of the Board of the return to a state correctional facility of a parolee who was confined outside the jurisdiction of the Pennsylvania Board of Corrections.[3] It is uncontroverted that Petitioner's hearing was held within that required time period. Accordingly, we determine that no due process violation has occurred.

Petitioner next contends that it was improper to conduct his final parole revocation hearing at the State correctional institution. He cites no controlling authority for this proposition. Our research has also failed to disclose any relevant statutory provision or judicial pronouncement to support his contention. We find absolutely no merit to this argument.

Finally, Petititoner challenges the Board's refusal to give him credit for the three and one-half months

---

[2] These regulations appear in 7 Pa. B. 487 and amend extensively the regulations found at 37 Pa. Code §71.1 et seq.

[3] The text of the regulation, adopting verbatim the language of Judge HIGGINBOTHAM in *United States ex rel. Burgess v. Lindsey, supra,* is as follows:

§71.4(2)(i) Where the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out of State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing required by Commonwealth of Pennsylvania ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility. The parolee, who is confined in a county correctional institution and who waived the final Revocation Hearing by a quorum of the Board as required in the Rambeau decision shall be deemed to be within the jurisdiction of the Pennsylvania Bureau of Correction beginning with the date of his waiver of such Board hearing.

that he spent on parole before he was arrested on December 22, 1971. We reiterate that the Board's recomputation of a convicted parole violator's sentence, resulting in a denial of credit for time spent on parole, does not violate the prisoner's due process rights under either the Pennsylvania or United States Constitutions. *Young v. Pennsylvania Board of Probation and Parole,* 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977); *Kuykendall v. Pennsylvania Board of Probation and Parole,* 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976).

ORDER

AND Now, this 1st day of December, 1978, the Preliminary Objection in the nature of a demurrer filed by the Pennsylvania Board of Probation and Parole to the Petition for Review filed by Barry L. Auman is sustained, and the Petition is dismissed.