**Charles GUSTIS, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 9, 1999.

Decided Sept. 2, 1999.

David Crowley, Bellefonte, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before COLINS, President Judge, FRIEDMAN, J.,and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Charles Gustis (Gustis) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying Gustis' request for administrative relief with respect to the Board's recalculation of his maximum date of confinement. We reverse.

In 1983, Gustis was sentenced to serve three to ten years for third degree murder. The sentence was effective July 2, 1982, and Gustis was paroled on July 10, 1985. On March 9, 1989, Gustis was recommitted as a technical parole violator to serve six months backtime, but he was reparoled on November 20, 1989. (O.R. at 1–2, 6–9.)

On September 7, 1990, Gustis was arrested on new criminal charges and was released on bail (Arrest # 1). On September 10, 1990, Gustis was arrested on new criminal charges in connection with two separate incidents and was released on bail (Arrest # 2 and Arrest # 3). On September 13, 1990, Gustis was arrested again on new criminal charges and was released on bail (Arrest # 4). On November 6, 1994, Gustis was arrested on new criminal charges, but he was *not* released on bail (Arrest # 5). On November 24, 1994, the Board filed a warrant to detain Gustis.

On April 17, 1995, Gustis was sentenced to serve twenty months to sixty months in a state institution in connection with the charges filed in Arrest # 3 and Arrest # 4.[1] On April 19, 1995, the trial court released Gustis into the custody of the Board, sending him to the State Correctional Institution (SCI) at Graterford for a parole revocation hearing.[2] (O.R. at 89.) In May 1995, Gustis exercised his right to request a panel revocation hearing, which the Board held at SCI Rockview on August 9, 1995. (O.R. at 44.) Immediately after the hearing, the Board rendered a decision recommitting Gustis as a convicted parole violator (CPV) to serve his unexpired term[3] when available. (O.R. at 77.) After the Board's August 9, 1995 decision, Gustis "actively served" time under the

---

1. Gustis received eight months to 25 months on the Arrest # 3 charges and 12 months to 35 months on the Arrest # 4 charges. Thus, the aggregated sentence for Arrest # 3 and Arrest # 4 was 20 months to 60 months. We also note that, at the time of sentencing, the charges filed against Gustis with respect to Arrest # 1 and Arrest # 2 had been dismissed; however, the Arrest # 5 charges were still pending disposition.

2. The regulation at 37 Pa.Code § 71.4(1)(i) states that, if a parolee is confined in a county correctional institution where the parolee has not waived his right to a panel revocation hearing, the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a state correctional institution.

3. At that time, Gustis had six years, three months and eleven days (6Y 3M 11D) remaining on his original sentence. When Gustis was first paroled, Gustis had served three years and eight days (3Y 0M 8D), from July 2, 1982 to July 10, 1985, on his original sentence. He had served six months (0Y 6M 0D) backtime from March 9, 1989 to September 9, 1989 because of a technical parole violation. Gustis also had served two months and eleven days (0Y 2M 11D) from September 9, 1989 to November 20, 1989, when Gustis was reparoled. Thus, Gustis served a total of three years, eight months and nineteen days (3Y 0M 8D + 0Y 6M 0D + 0Y 2M 11D =3Y 8M 19D) on his original sentence. As a result, Gustis still had to serve six years, three months and eleven days (10Y 0M 0D– 3Y 8M 19D = 6Y 3M 11D). Although parts of the record indicate that Gustis had six years, *two* months and eleven days (6Y 2M 11D) remaining on his original sentence, this is incorrect.

jurisdiction of the Department of Corrections in SCI Graterford and SCI Rockview. (O.R. at 89.)

On February 14, 1996, Gustis was sentenced to serve nine months to twenty-three months in connection with the charges filed in Arrest # 5.[4] (O.R. at 79.) The sentencing court gave Gustis five months and twelve days credit on his sentence for Arrest # 5 for his time in custody from November 7, 1994 to April 19, 1995.[5] Moreover, Gustis was to serve the Arrest # 5 sentence concurrently with the twenty months to sixty months sentence he received in connection with Arrest # 3 and Arrest # 4. (O.R. at 78.) Gustis was returned to the county jail on February 23, 1996 to serve the county sentence, which he completed on August 2, 1997.[6] On August 22, 1997, Gustis was returned to state prison to serve the unexpired term of his original sentence. (O.R. at 89.)

On August 7, 1998, the Board mailed a recalculation order to Gustis, indicating that Gustis' new maximum date of confinement on his original sentence is November 13, 2003.[7] Gustis filed a request for administrative relief, seeking credit against his original sentence for the time he spent in custody from August 9, 1995 to February 14, 1996. The Board denied the request. In denying relief to Gustis, the Board acknowledged that, as of August 2, 1997, Gustis had actually served nine months and twenty-five days more than the twenty-three month sentence imposed for Arrest # 5.[8] However, the Board indicated that Gustis will receive a credit for that time served after he completes the unexpired term of his original sentence on November 13, 2003 and begins to serve the remainder of his Arrest # 3 and Arrest # 4 sentence. (O.R. at 94.)

On appeal to this court,[9] Gustis argues that the Board erred in giving Gustis credit on his Arrest # 3 and Arrest # 4 sentence for the period of time he spent in custody from August 9, 1995 to February 14, 1996. Gustis contends that the Board should have given him credit on his original sentence for that period of time in custody. We agree.

Section 21.1(a) of the Act commonly known as the Parole Act[10] provides that,

---

4. The sentence was effective on February 14, 1996 in accordance with Pa.R.Crim.P. 1406(c), which, at the time, provided that when a defendant is already serving a sentence on another offense and a new sentence is imposed, the new sentence shall be effective on the date the new sentence is imposed. *See Feilke v. Pennsylvania Board of Probation and Parole,* 167 Pa.Cmwlth. 381, 648 A.2d 121 (1994).

5. However, the court gave Gustis *no* credit for the time he spent in the custody of the Board from April 19, 1995 to August 9, 1995 and *no* credit for the time Gustis was "actively serving" time in state institutions from August 9, 1995 to February 14, 1996. Section 9760(1) of the Sentencing Code, 42 Pa.C.S. § 9760(1), states that, in imposing a sentence, a trial court *shall give credit for all time in custody* as a result of the criminal charge for which the prison sentence is imposed. Here, the trial court evidently determined that Gustis' time in custody in state institutions from April 19, 1995 to February 14, 1996 was *not* a result of the Arrest # 5 charges.

6. Because the 23–month county sentence was concurrent with Gustis' 20–month to 60–month sentence, Gustis has served 23 months of the 20–month to 60–month sentence and, thus, is eligible for parole in connection with the latter sentence.

7. The Board determined the new maximum date of confinement on Gustis' original sentence by adding the 6Y 3M 11D remaining on the original sentence to August 2, 1997, the date he completed serving his Arrest # 5 sentence.

8. As indicated above, the sentencing court gave Gustis no credit for the time he served from April 19, 1995 to August 9, 1995 and from August 9, 1995 to February 14, 1996, a period of nine months and twenty-five days.

9. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

10. Act of August 6, 1941, P.L. 861, added by section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a(a).

when a parolee who is paroled from a state institution commits a subsequent offense for which he is convicted and receives a sentence based on that conviction that is to be served in a state institution, the CPV shall then serve the balance of the original sentence *before* serving the new term of confinement.[11]  Here, Gustis was paroled from a state institution on his original three-year to ten-year sentence, and subsequently was sentenced to a twenty-month to sixty-month term of confinement for Arrest # 3 and Arrest # 4, to be served in a state institution.  Thus, under section 21.1(a) of the Parole Act, Gustis must serve the balance of his original sentence *before* serving his Arrest # 3 and Arrest # 4 sentence.

On August 9, 1995, the Board rendered a decision recommitting Gustis as a CPV to serve the unexpired term of his original sentence when available.[12]  From August 9, 1995 to February 14, 1996, Gustis was "actively serving" time in the custody of the Department of Corrections in a state institution.  Gustis had only two sentences during that period, his original sentence and the aggregated Arrest # 3 and Arrest # 4 sentence.  Because Gustis was required to serve the balance of his original sentence *before* serving the Arrest # 3 and Arrest # 4 sentence, the time Gustis spent in custody from August 9, 1995 to February 14, 1996 had to be time served on his original sentence.  Thus, the time must be credited as such.

Accordingly, we reverse.

**11.**  The "new term of confinement" pertains to the Arrest # 3 and Arrest # 4 sentence because, prior to February 14, 1996, Gustis had not yet been sentenced on Arrest # 5.  *See Patrick v. Pennsylvania Board of Probation and Parole*, 110 Pa.Cmwlth. 121, 532 A.2d 487 (1987) (holding, in effect, that a person cannot serve a sentence until that person has been sentenced).

**12.**  Gustis was available to serve his original sentence because he was already within the custody and jurisdiction of the Board, *Commonwealth v. Tilghman*, 543 Pa. 578, 673 A.2d 898 (1996), and because he was in the custody of the Department of Corrections, in a state institution, as a CPV.  *See* section

*ORDER*

AND NOW, this 2nd day of September, 1999, the order of the Pennsylvania Board of Probation and Parole, dated February 10, 1999, is reversed.

21.1(a) of the Parole Act, 61 P.S. § 331.21a (stating that the time a CPV is required to serve begins on the date that he is taken into custody as a CPV).

The Board argues that Gustis was not available to the Board on August 9, 1995 because he had not been sentenced on the Arrest # 5 charges.  (Board's brief at 6–7.)  However, in this case, the Arrest # 5 charges are irrelevant because the trial court correctly determined that, although Gustis was in custody, Gustis was *not* in custody on the Arrest # 5 charges from August 9, 1995 to February 14, 1996.  *See* section 9760(1) of the Sentencing Code.  Rather, Gustis was in custody to serve the unexpired term of his original sentence.