Earl VANCE, Jr., Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 8, 1999.

Decided Dec. 2, 1999.

David Crowley, Bellefonte, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before COLINS, J., FRIEDMAN, J. and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Earl Vance, Jr., (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board), denying his request for administrative relief with respect to the Board's recalculation of his parole violation maximum sentence date. We affirm.

Petitioner was originally sentenced to a term of incarceration of three and one-half years to ten years in Philadelphia County for the offenses of aggravated assault and possession of an instrument of crime. Petitioner was released on parole on July 18, 1989, with a parole violation maximum sentence date of January 18, 1996. On October 29, 1993, Petitioner was arrested in Camden County, New Jersey, and charged with possession of a stolen vehicle. Petitioner posted bail with respect to these charges on November 17, 1993. The next day, the Board issued a warrant to commit and detain Petitioner and he was returned to the Commonwealth. On December 15, 1993, Petitioner was detained in lieu of bail on criminal charges in Philadelphia. In April of 1994, Petitioner was recommitted as a technical parole violator to serve ten months backtime when available.

On January 5, 1995, Petitioner was convicted of the criminal charges in Philadelphia and sentenced to a term of incarceration of seven and one-half years to fifteen years. Subsequently, the Board recommitted Petitioner as a convicted parole violator to serve his unexpired term of six

years, five months and three days. At this time, the Board also made a determination that Petitioner would not receive any credit against his backtime except for the twenty-eight days he had served solely on the Board's warrant between his initial release from New Jersey on November 17, 1993, and his detention in lieu of bail on the Philadelphia criminal charges on December 15, 1993. The Board then recalculated Petitioner's parole violation maximum sentence date to be June 8, 2001.

In June of 1995, Petitioner was returned to New Jersey on a writ. Thereafter, Petitioner entered a plea of guilty to the offense of bringing a stolen vehicle into the state of New Jersey and was sentenced to serve a term of five years incarceration "to run concurrent to any Pennsylvania sentence." (Certified Record, Item No. 8 at 34). Petitioner was then returned to the State Correctional Institution at Rockview (SCI–Rockview) in July of 1995. On November 15, 1995, a revocation hearing was held at SCI–Rockview. On March 6, 1996, the Board issued another order recommitting Petitioner as a convicted parole violator to serve his unexpired term when available.

On March 22, 1996, the Department of Corrections and the Board determined that Petitioner would not be available to serve his parole violation backtime until he completed the service of his New Jersey sentence. Hence, on March 28, 1996, Petitioner was transferred to a prison in Camden County, New Jersey. Petitioner remained incarcerated in New Jersey until September 24, 1998, at which time he was released and returned to the State Correctional Institution at Graterford on the Board's warrant. On February 1, 1999, the Board mailed Petitioner a green sheet establishing a new parole violation maximum sentence date of February 26, 2005.

Petitioner filed a request for administrative relief with the Board. Petitioner alleged that his recalculated parole violation maximum sentence date was in error as it was based upon his New Jersey sentence which was to "run concurrent to any Pennsylvania sentence." Petitioner also alleged that the Board failed to give full faith and credit to the laws of the state of New Jersey. Petitioner sought relief in the form of credit against his backtime for all time served as of November 15, 1995. By letter mailed April 23, 1999, the Board denied Petitioner's request for administrative relief.

On appeal to this Court,[1] Petitioner once again argues that the Board erred in refusing to grant him credit against his backtime and in failing to give full faith and credit to the laws of the state of New Jersey. We disagree.

We begin by noting that the Board concedes that, pursuant to our recent decision in *Gustis v. Pennsylvania Board of Probation and Parole*, 737 A.2d 822 (Pa.Cmwlth. 1999), Petitioner is entitled to credit against his original sentence for the one year, two months and twenty-three days he spent in custody in the Commonwealth from January 5, 1995, to March 28, 1996.

We now turn to the merits of Petitioner's appeal. As a result of the Board's concession, we are now only concerned with Petitioner's incarceration in New Jersey from March 28, 1996, to September 24, 1998. Petitioner argues that the Board erred in failing to grant him credit against his original sentence for this time served, as the sentencing court in New Jersey provided that its sentence was to "run concurrent to any Pennsylvania sentence." Petitioner further argues that such action by the Board violates the United States

---

1. Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *O'Hara v. Pennsylvania Board of Probation and Parole*, 87 Pa.Cmwlth. 356, 487 A.2d 90 (1985).

Constitution by failing to give full faith and credit to a judgment or judicial decree of a sister state. We disagree.

Section 21.1(a) of the Act commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *added by* Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a(a), mandates that sentences for crimes committed on parole must be served consecutively with time remaining on original sentences and thus prohibits courts of this Commonwealth and the Board from imposing concurrent sentencing. *See also Walker v. Pennsylvania Board of Probation and Parole,* 729 A.2d 634 (Pa.Cmwlth.1999). Additionally, the Board may not impose a parole violation sentence to run concurrently with a new sentence for an offense committed while on parole. *See Harris v. Pennsylvania Board of Probation and Parole,* 38 Pa. Cmwlth. 391, 393 A.2d 510 (1978).[2]

Petitioner relies on *Walker* for support. However, *Walker* is distinguishable from the instant case. In *Walker,* Walker was arrested in Maryland in July of 1995 on charges of battery, assault and reckless endangerment of another person. At the time of his arrest, Walker was on parole from charges in the Commonwealth. The Board then detained Walker, incarcerating him at the State Correctional Institution at Pittsburgh. As a result, Walker failed to appear at a hearing in Maryland and a warrant was issued for his arrest on November 15, 1995.

On January 3, 1996, the Board recommitted Walker as a technical parole violator to serve eighteen months backtime. Ultimately, the Maryland authorities obtained temporary custody of Walker and he was transported back to Maryland for a hearing on the aforementioned charges. On January 9, 1997, Walker was convicted of battery in Maryland and sentenced to a term of incarceration of five years with credit for all time served since November 15, 1995.[3] He was then returned to the Commonwealth, where he faced a revocation hearing before the Board as a result of the Maryland conviction. The Board recommitted Walker as a convicted parole violator and recalculated his parole violation maximum sentence date from January 9, 1997.

In so doing, the Board failed to credit Walker with the time he served in the Commonwealth from January 3, 1996, to January 9, 1997, as a result of the Board's initial recommitment order. We held that Walker was entitled to credit against his original sentence for this time served. In so holding, we concluded that we must respect the Maryland authorities' concurrent sentencing, pursuant to the Full Faith and Credit Clause of the United States Constitution, even though such sentencing is not permitted in the Commonwealth. Additionally, we indicated that the fact that the Maryland authorities gave Walker credit for this time on his new sentence does not alter the fact that as of January 3, 1996, he was incarcerated in the Commonwealth as a result of a Board recommitment order and actually serving backtime on his original sentence.

In the instant case, Petitioner does not seek credit for time served as a result of a Board recommitment order. Nor does Petitioner seek credit for time served in the Commonwealth. Instead, Petitioner seeks credit for time served in the state of New Jersey from March 28, 1996, to September 24, 1998. Applying the principles of *Walker* to the instant case, the authorities in New Jersey were free to grant Petitioner credit for backtime served in the Commonwealth against his new sentence in New

---

**2.** Furthermore, Section 21.1(a) of the Parole Act provides that backtime is to be served prior to the service of a new sentence in a state correctional institution, but is to follow the service of a new sentence outside of the jurisdiction of the Department of Corrections.

**3.** In other words, the Maryland authorities permitted Walker to serve a portion of his sentence there concurrently with the backtime he had served on his original sentence in the Commonwealth.

Jersey. However, Petitioner now seeks to extend our holding in *Walker* to require that the Commonwealth grant him credit for time served outside of the Commonwealth's jurisdiction. Neither *Walker* nor the Full Faith and Credit Clause mandate such a result.

Accordingly, the order of the Board is affirmed.

### *O R D E R*

AND NOW, this 2nd day of December, 1999, the order of the Pennsylvania Board of Probation and Parole is affirmed.