# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Tidwell, : 
          Petitioner : 
           : 
          v. : No. 2103 C.D. 2014
           : Submitted: August 7, 2015
Pennsylvania Board of Probation : 
and Parole, : 
          Respondent : 


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
               HONORABLE ROBERT SIMPSON, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**           **FILED:  September 8, 2015**

Before this Court are the petition of Albert Tidwell (Petitioner) for review of the April 4, 2014 determination of the Pennsylvania Board of Probation and Parole (Board), which affirmed its recommitment of Petitioner as a convicted parole violator and recalculation of his parole violation maximum date, and the petition of Richard C. Shiptoski, Esq., Assistant Public Defender of Luzerne County (Counsel), for leave to withdraw as counsel for Petitioner on the grounds that the petition for review is frivolous. After review, we grant Counsel's petition for leave to withdraw and affirm the order of the Board.

On June 5, 2007, Petitioner was released on parole from the State Correctional Institution Coal Township; at the time of his release, Petitioner had a parole violation maximum date of August 1, 2013.  (February 13, 2007 Board Decision, Certified Record (C.R.) at 26-28; Order to Release, C.R. at 29.)

By Board Administrative Action on January 2, 2009, Petitioner was declared delinquent effective December 29, 2008, and a warrant was issued for his arrest and detention for parole violation. (Administrative Action, C.R. at 32; Warrant, C.R. at 33.) On January 10, 2009, Petitioner was arrested on new criminal charges in New Jersey, and on June 1, 2009, Petitioner entered a negotiated guilty plea to the charge of "certain persons not to have weapons" and was sentenced to "five (5) years in [New Jersey State Prison], five years parole ineligible, concurrent to Commonwealth of Pennsylvania's parole violation." (C.R. at 38; Sentence, C.R. at 40-41.) At the time of his arrest, bail was not posted, and Petitioner was held by New Jersey authorities pending trial. (Criminal Arrest and Disposition Report, C.R. at 36.)

Petitioner served his New Jersey sentence, and on January 9, 2014, he was returned to a State Correctional Institution. (C.R. at 48, 67.) On January 13, 2014, Petitioner waived his parole revocation hearing and admitted to his New Jersey offense, and on March 4, 2014, he waived a parole violation hearing and admitted to the violation of technical violation condition #3A – Failure to Report as Instructed. (Waiver of Revocation Hearing and Counsel/Admission Form, C.R. at 35; Waiver of Violation Hearing and Counsel/Admission Form, C.R. at 66.) By a decision recorded on April 4, 2014 and mailed on April 10, 2014, the Board recommitted Petitioner as a technical parole violator to serve six months and as a convicted parole violator to serve 24 months, concurrently, for a total of 24 months backtime. (April 4, 2014 Board Decision, C.R. at 70.) Petitioner's re-parole eligibility date was set at January 9, 2016 and his parole violation maximum date was set at March 2, 2021. (*Id.*)

2

Petitioner, acting *pro se*, filed a Petition for Administrative Review, dated April 23, 2014, in which he argued that the Board failed to give him credit for the time served in New Jersey as a result of the five-year sentence which was to run concurrently to the Pennsylvania parole violation. (Petition for Administrative Review, C.R. at 76-81.) By letter dated August 8, 2014, the Board found no ground to grant administrative relief and affirmed its April 4, 2014 decision. (C.R. at 84-85.) On August 19, 2014, Petitioner, *pro se*, filed a Request for Mandamus Relief in this Court. On November 25, 2014, this Court directed that Petitioner's Request for Mandamus Relief be treated as a petition for review addressed to this Court's appellate jurisdiction, and appointed Counsel to represent Petitioner. In August 2015, Counsel filed his petition for leave to withdraw and an *Anders* brief[1] in support of the petition.

When evaluating a petition for leave to withdraw as appointed counsel for a parolee challenging a revocation decision, our first task is to determine whether counsel has satisfied the procedural requirements of: (i) notifying the inmate of his request to withdraw; (ii) furnishing the inmate with an *Anders* brief or a no-merit letter; and (iii) advising the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009) (*en banc*); *Wesley v. Pennsylvania Board of Probation and Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992).

Though Counsel submitted an *Anders* brief in support of his petition to withdraw, Petitioner has only a statutory, rather than a constitutional, right to

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

counsel, and thus only a no-merit letter was required.[2]  *Hughes*, 977 A.2d at 24-25.

A no-merit letter must set forth:  (i) the nature and extent of counsel's review of

the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii)

counsel's explanation of why each of those issues is meritless.  *Commonwealth v.*

*Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes*, 977 A.2d at 26.  The principal

distinction between a no-merit letter and an *Anders* brief is the standard of review

applied to the issues on appeal:  the lack of merit standard for a no-merit letter and

the frivolousness standard for an *Anders* brief.  *Smith v. Pennsylvania Board of*

*Probation and Parole*, 574 A.2d 558, 562 (Pa. 1990).  We will not deny a petition

to withdraw in cases because counsel has chosen to submit an *Anders* brief where a

no-merit letter is sufficient, but we will instead simply apply the lack of merit

standard.  *Hughes*, 977 A.2d at 26 n.4.

Counsel has satisfied the procedural requirements for withdrawal.

Counsel sent Petitioner a letter, via certified mail on February 17, 2015, which was

attached as an exhibit to the petition for leave to withdraw, and informs Petitioner

of his determination that there were no non-frivolous issues in the appeal and that

Petitioner could retain an attorney or submit his own brief.  Counsel's *Anders* brief

---

[2]  A constitutional right to counsel exists in a parole revocation matter when the parolee's case contains:

> [a] colorable claim (i) that he has not committed the alleged
> violation of the conditions upon which he is at liberty; or (ii) that,
> even if the violation is a matter of public record or is uncontested,
> there are substantial reasons which justified or mitigated the
> violation and make revocation inappropriate, and that the reasons
> are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)).  The issue on appeal does not invoke either of the elements that trigger a constitutional right to counsel.

adequately summarizes the procedural history and relevant facts, discusses the issue of whether the Board erred when it recomputed his parole violation maximum date without crediting Petitioner with time served in New Jersey, and explains his determination that any appeal of the Board's decision is frivolous and without merit, with citations to the relevant case law and regulations.

Because Counsel has satisfied the procedural requirements for withdrawal, we next independently evaluate the proceedings before the Board to determine whether the appeal is meritless.[3] *Dear v. Pennsylvania Board of Probation and Parole*, 686 A.2d 423, 426 (Pa. Cmwlth. 1996); *Frankhouser v. Pennsylvania Board of Probation and Parole*, 598 A.2d 607, 608-09 (Pa. Cmwlth. 1991). On appeal, Petitioner argues both that he should have received credit for time served in New Jersey and also that he did not receive a timely parole revocation hearing.[4] Petitioner argues that on July 10, 2009, when New Jersey

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa. C.S. § 704; *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013).

[4] The Board's regulations address the procedures to be followed before a parolee is recommitted as a convicted violator:

> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level except as follows:
>
>    (i) If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973), the revocation hearing shall be held within 120 days of

delivered its sentence to run "concurrent to Commonwealth of Pennsylvania's parole violation," he became available to the Board in Pennsylvania and thus his revocation hearing was untimely. We do not agree. This Court has consistently held that the 120-day period for holding a revocation hearing does not commence with the date of a parolee's conviction in another state, but rather with the date he is returned to a Pennsylvania facility. *Davis v. Board of Probation and Parole*, 498 A.2d 6 (Pa. Cmwlth. 1985), *appeal denied,* 531 A.2d 1120 (Pa. 1987); *Auman v. Board of Probation and Parole*, 394 A.2d 686 (Pa. Cmwlth. 1978). Petitioner was not returned to Pennsylvania until January 9, 2014, and waived a revocation hearing four days later, on January 13, 2014, well within the 120-day period. The fact that the New Jersey court specified that its sentence be served concurrently with Petitioner's recommitment period did not render Petitioner available to the Board. We find that Petitioner's claim that he did not receive a timely revocation hearing is without merit.

As to Petitioner's other claim, neither our obligation under the United States Constitution to give full faith and credit to the judicial decree of a sister state nor this Court's decisions mandate that Petitioner was entitled to credit for the time he was incarcerated in New Jersey. As Counsel states in his *Anders* brief, this Court has ruled that a Pennsylvania parolee may be credited with time already served in Pennsylvania on a parole violation where a foreign court has credited him with the same period of time against a new, out-of-state criminal sentence. *See Santiago v. Pennsylvania Board of Probation and Parole*, 937 A.2d 610 (Pa.

---

the official verification of the return of the parolee to a State correctional facility.

37 Pa. Code § 71.4(2)(i).

6

Cmwlth. 2007); *Walker v. Pennsylvania Board of Probation and Parole*, 729 A.2d 634 (Pa. Cmwlth. 1999).

Here, however, the New Jersey court ordered Petitioner's Pennsylvania parole violation backtime to run concurrent with a new sentence to be served in New Jersey. In *Vance v. Pennsylvania Board of Probation and Parole*, 741 A.2d 838 (Pa. Cmwlth. 1999), *appeal denied*, 760 A.2d 859 (Pa. 2000), we established that the law in Pennsylvania is that "sentences for crimes committed on parole must be served consecutively with the time remaining on original sentences and thus [we prohibit]…imposing concurrent sentencing" and an out-of-state court order purporting to allow an inmate to serve backtime on a Pennsylvania sentence concurrently with the out-of-state sentence is not binding in Pennsylvania. 741 A.2d at 840. In *Vance*, we distinguished *Walker* and stated:

> Petitioner does not seek credit for time served as a result of a Board recommitment order. Nor does Petitioner seek credit for time served in the Commonwealth. Instead, Petitioner seeks credit for time served in the state of New Jersey…Applying the principles of *Walker* to the instant case, the authorities in New Jersey were free to grant Petitioner credit for backtime served in the Commonwealth against his new sentence in New Jersey. However, Petitioner now seeks to extend our holding in *Walker* to require that the Commonwealth grant him credit for time served outside of the Commonwealth's jurisdiction. Neither *Walker* nor the Full Faith and Credit Clause mandate such a result.

*Vance*, 741 A.2d at 840-841.

Accordingly, we agree with Counsel's determination that Petitioner's

appeal of the Board's decision is without merit, and we grant Counsel's petition for leave to withdraw and affirm the order of the Board.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Albert Tidwell,               :
           Petitioner       :
                           :
           v.              :   No. 2103 C.D. 2014
                           :
Pennsylvania Board of Probation   :
and Parole,               :
           Respondent    :

# ORDER

AND NOW, this 8th day of September, 2015, the Petition for Leave of Court to Withdraw as Counsel filed by Richard C. Shiptoski, Esquire, Assistant Public Defender of Luzerne County, in the above-captioned matter is hereby GRANTED and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

 

_____
JAMES GARDNER COLINS, Senior Judge