IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Henry Miller,                :
        Petitioner           :
                           :
        v.                  :   No. 821 C.D. 2018
                           :   Submitted: February 15, 2019
Pennsylvania Board of Probation and  :
Parole,                    :
        Respondent      :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: May 6, 2019

John Henry Miller, an inmate at the State Correctional Institution (SCI) at Laurel Highlands, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal. Miller argues that the Board incorrectly calculated his recommitment sentence. Discerning no error by the Board, we affirm.

In 2009, Miller pled guilty to illegal firearm possession and received a state sentence of five to ten years, with a maximum sentence date of March 21, 2018. On March 21, 2013, Miller was released on parole from SCI-Laurel Highlands to West Virginia to live with family.[1]

---

[1] The Board transferred the supervision of Miller's parole to West Virginia authorities under the Interstate Compact for the Supervision of Adult Offenders Act, 61 Pa. C.S. §§7111–7115. The Interstate Compact is an agreement entered into by the states to govern the movement, supervision and rehabilitation of parolees and probationers. 61 Pa. C.S. §7112. *See also* W. Va. Code, §28-7-1.

On March 3, 2015, Miller was indicted in West Virginia for first degree sexual assault. Pursuant to a plea agreement, he was sentenced to one to five years of incarceration, to run concurrent with any outstanding Pennsylvania sentences. Miller was paroled from West Virginia on June 1, 2017, to the Board's custody. He waived his right to a parole revocation hearing. On October 4, 2017, the Board recommitted Miller as a convicted parole violator to serve 24 months of backtime. The Board recalculated Miller's maximum sentence date to be June 22, 2021. The Board did not award any credit towards Miller's Pennsylvania sentence for his time spent at liberty on parole, also referred to as "street time," because his new conviction was for a sexual offense. *See* 61 Pa. C.S. §6138(a)(2.1)(i).[2]

On October 18, 2017, Miller filed an "Administrative Remedies Form" with the Board, arguing that he was entitled to credit for the 2½ years he served in a West Virginia prison and could not have forfeited 24 months of street time because he had only 20 months and 15 days available.

The Board affirmed its prior decision recommitting Miller. In its reply to his administrative remedies form, the Board rejected Miller's arguments that it erred in recalculating his maximum date. Miller now petitions for this Court's review.

---

[2] It states:

> (2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:
>
> > (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

61 Pa. C.S. §6138(a)(2.1)(i).

On appeal,[3] Miller raises two issues. First, he argues that the Board erred in not honoring the terms of his West Virginia plea agreement, which stated that his West Virginia sentence would run concurrently with any outstanding Pennsylvania sentences. Second, he argues that the Board erred in recommitting him for 24 months when he had only 20 months and 15 days of street time available to forfeit.

In his first issue, Miller argues that he is entitled to receive the benefit of his plea bargain with the state's attorney in West Virginia. In accordance with that agreement, the West Virginia court ordered that "if [Miller] is returned to Pennsylvania for parole violations his sentence in this case shall run <u>concurrent</u> with any remaining Pennsylvania sentence." Reproduced Record at 78 (emphasis original). The West Virginia court sentenced him to five years in prison for his sexual assault conviction. Miller asserts that, because he bargained away his constitutional rights in securing the plea agreement, he is entitled to credit toward his Pennsylvania sentence for time served in West Virginia. Miller cites the Interstate Compact between Pennsylvania and West Virginia to support his claim that the Board must honor the West Virginia court's sentence.

We begin with a review of the relevant law. In *Vance v. Pennsylvania Board of Probation and Parole*, 741 A.2d 838 (Pa. Cmwlth. 1999), the Pennsylvania parolee was arrested in New Jersey. He posted bail and returned to the Commonwealth on the Board's detainer, which recommitted him as a technical parole violator. Eventually the parolee returned to New Jersey on a writ. After the

---

[3] This Court's review determines whether the Board's findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether the parolee's constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

parolee pled guilty, a New Jersey court sentenced him to serve a five-year term "to run concurrent to any Pennsylvania sentence." *Id.* at 839. The Board later recommitted the parolee as a convicted parole violator and calculated his new maximum sentence date. In doing so, it gave him no credit for time served in New Jersey. On appeal to this Court, the parolee argued that the Board erred.

Relevant in *Vance* was former Section 21.1(a) of what was commonly known as the Parole Act,[4] which mandated that a parolee's sentence for a crime committed on parole must be served before he can serve the time remaining on the parolee's original sentence. A Pennsylvania court cannot order otherwise. Likewise, the Board cannot order a recommitment sentence to run concurrently with a parolee's new sentence for an offense committed while on parole.

In *Vance,* this Court addressed *Walker v. Pennsylvania Board of Probation and Parole*, 729 A.2d 634 (Pa. Cmwlth. 1999). In that case, the Pennsylvania parolee committed a crime in Maryland. After his Maryland arrest,

---

[4] Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.21a(a), added by the Act of August 24, 1951, P.L. 1401, *repealed by* the Act of August 11, 2009, P.L. 147. *Former* Section 21.1(a) stated, in relevant part:

> If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:
>
> > (1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.
> >
> > (2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution. In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

*Former* 61 P.S. §331.21a(a). Section 6138(a)(5) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(5), applicable in this case, contains similar language.

4

the Board recommitted him as a technical parole violator. Eventually, the parolee was transported back to Maryland. The Maryland sentencing court awarded him credit on his Maryland sentence for the time he was incarcerated in Pennsylvania as a technical parole violator. He was then returned to the Commonwealth. The Board recommitted the parolee as a convicted parole violator. In recalculating his new maximum sentence date, the Board did not give him credit on his Pennsylvania sentence for time served in Pennsylvania as a technical parole violator. This Court reversed the Board. We reasoned that the Maryland court's award of credit on his Maryland sentence for time served in Pennsylvania had to be honored by Pennsylvania under the Full Faith and Credit Clause of the United States Constitution.[5]

*Vance* distinguished *Walker*. In *Vance,* the State of New Jersey sought to direct the Board to give Mr. Vance credit on his Pennsylvania sentence for time served in New Jersey. The New Jersey court was not authorized to make an order that conflicted with the Parole Act, any more than a Pennsylvania court could enter such an order. The Full Faith and Credit Clause was, therefore, not triggered. In *Vance*, accordingly, this Court held that the parolee was not entitled to credit on his Pennsylvania sentence for time served in New Jersey.

Miller's case is analogous to *Vance*. Miller's contested period of confinement was served in a West Virginia prison. The West Virginia court was free to impose a sentence concurrent with Miller's Pennsylvania sentence, but that

---

[5] The Full Faith and Credit Clause provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State; and the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. CONST. art. IV, §1.

5

does not mean the Board is required to grant Miller credit toward his Pennsylvania sentence for time served in a West Virginia prison. We reject Miller's argument to the contrary.

We next address Miller's argument that the Board erred by ordering him to serve 24 months of backtime. Miller argues that he had only 20 months and 15 days of street time to "forfeit" and, thus, could not be ordered to serve 24 months backtime. Miller misunderstands the Board's decision. "[W]hen the Board imposes backtime, it is establishing a new parole eligibility date for the parolee, in effect, a recomputed minimum term. Upon completion of the Board-imposed backtime, the parolee has a right to again apply for parole and have the Board consider that application." *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1048 (Pa. Cmwlth. 1984).

Here, the Board's September 19, 2017, recommitment order required Miller to serve 24 months backtime on his original sentence as a result of his new conviction for a sexual offense. When paroled by the Board in 2013, Miller had more than five years left to serve on his original sentence, which had a maximum ten-year length. The Board's new parole eligibility date for Miller has nothing to do with whether or not Miller was entitled to credit toward his Pennsylvania sentence for his street time. In fact, he received no credit for his street time. Rather, the Board ordered that Miller must serve 24 months of the total time remaining on his original sentence before he can again be a candidate for parole from his Pennsylvania sentence.

Accordingly, we affirm the Board's order.

_____
MARY HANNAH LEAVITT, President Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Henry Miller,      :
     Petitioner   :
           :
   v.       :  No. 821 C.D. 2018
           :
Pennsylvania Board of Probation and :
Parole,        :
     Respondent :

## **O R D E R**

AND NOW, this 6th day of May, 2019, the order of the Pennsylvania Board of Probation and Parole dated May 15, 2018, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge