# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamel Bleach, :
                      Petitioner :
                                 :
        v.                       :    No. 794 C.D. 2017
                                 :    Submitted: February 8, 2019
Pennsylvania Board               :
of Probation and Parole,         :
                      Respondent :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED:  May 31, 2019**


Petitioner Jamel Bleach (Bleach) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).  The Board denied Bleach's petition for administrative relief, in which he sought to challenge the Board's recalculation of his maximum sentence date following his recommitment as a convicted parole violator.  Bleach's counsel, Steven M. Johnston, Esquire (Counsel), filed a petition to withdraw as counsel.  Counsel asserted, as expressed in his initial *Anders*[1] brief, that the issues Bleach raises in his petition for review are without

---

[1] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit.  *Anders*, 386 U.S. at 744.  An appeal is completely or "wholly" frivolous when

merit. Following our review of the initial *Anders* brief, we concluded that the brief was inadequate and denied Counsel's petition to withdraw. We permitted Counsel to submit a revised *Anders* brief or no-merit letter in response to our order, and Counsel has done so. We now grant Counsel's amended motion to withdraw and affirm the order of the Board.

Bleach had been incarcerated at a State Correctional Institution when the Board granted him parole by notice dated March 18, 2014. (Certified Record (C.R.) at 101-02.) Bleach was officially released from confinement on April 14, 2014. (*Id.* at 103.) At the time of his parole, Bleach had a maximum sentence date of July 11, 2017. (*Id.* at 102.)

Effective September 16, 2014, the Board declared Bleach delinquent due to violating the conditions of his parole. (*Id.* at 107.) Thereafter, on December 8, 2014, Dickson City police arrested Bleach and charged him with, *inter alia*, conspiracy to possess narcotics with intent to deliver. (*Id.* at 109-11.) That same day, the Board lodged a detainer against Bleach. (*Id.* at 127.) The Board scheduled a detention hearing on Bleach's pending criminal charges, which Bleach waived. (*Id.* at 134.)

---

there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. and Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (citing *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

By order dated February 5, 2015, the Board recommitted Bleach as a technical parole violator for a period of 6 months pending the disposition of his new criminal charges.[2]  (*Id.* at 146-48.)  In so doing, the Board recalculated Bleach's maximum sentence date.  After adding 83 days for the time period of Bleach's delinquency, the Board recalculated Bleach's new maximum sentence date as October 2, 2017.  (*Id.* at 146, 149.)

Thereafter, Bleach was convicted of conspiracy to possess narcotics with intent to deliver.  By Board action recorded on February 16, 2016, the Board recommitted Bleach as a convicted parole violator for a period of 24 months to be served concurrently with his 6-month recommitment as a technical parole violator. (*Id.* at 181.)  By Board action recorded on April 1, 2016, the Board recalculated Bleach's maximum sentence date as April 23, 2019, and calculated Bleach's parole eligibility date as January 25, 2018.  (*Id.* at 183-85.)

Bleach filed a petition for administrative relief with the Board. (*Id.* at 191.)  In the petition, Bleach challenged the Board's recalculation of his maximum sentence date.  Specifically, Bleach argued that the Board should have credited him for the time period in which he was incarcerated awaiting the disposition of his new criminal charges. (*Id.* at 194-96.)  By response with a mailing date of May 17, 2017, the Board denied Bleach's challenge.  (*Id.* at 202.)  In so doing, the Board reasoned:

> You were released on parole on April 14, 2014, with a maximum sentence date of July 11, 2017.  At that point, 1184 days remained on your sentence.  You were detained solely by the Board for 1 day from December 8, 2014 to December 9, 2014.  You were

---

[2] Further, Bleach admitted to violating the terms of his parole and waived a violation hearing on the matter.  (C.R. at 135.)

> sentenced on your new criminal charges on January 26, 2016.
>
> Because you were recommitted as a convicted parole violator, you are required to serve the remainder of your original term and are not entitled to credit for any periods of time you were at liberty on parole. 61 Pa. C.S. § 6138(a)(2). Adding 1183 days (1184-1) to January 26, 2016, results in a parole violation maximum date of April 23, 2019. The period of detention from December 9, 2016[3] to January 26, 2016 will be applied to your new sentence upon completion of, or parole from, your original sentence.

(*Id.* at 202.)

Bleach then filed the instant petition for review, arguing: (1) the Board acted capriciously in lodging a detainer against him; (2) the Board erred in failing to credit him for his street time when recalculating his maximum sentence date; (3) the Board erred in recalculating his maximum sentence date; and (4) the Board deprived him of due process.

Before evaluating the merits of Bleach's challenge, we will first address Counsel's request to withdraw from his representation of Bleach. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief. In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a probation and parole matter arises only when the prisoner's case includes:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial

---

[3] It appears that the Board mistakenly wrote "2016" instead of "2014" here.

reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Bleach that he did not commit the crimes for which he received a new criminal conviction, nor does Bleach suggest any reasons to justify or mitigate the parole violation—*i.e.*, his new criminal conviction. Thus, Bleach has only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[4]

In order to satisfy the procedural requirements associated with no-merit letters, counsel must do the following: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[5] *Reavis v. Pa. Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). Consequently, before making an independent review of the merits of the appeal to determine whether Bleach's appeal has no merit, we must first evaluate Counsel's no-merit

---

[4] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

[5] Counsel served Bleach with his amended petition for leave to withdraw and no-merit letter. Counsel advised Bleach of his right to retain counsel and to file a brief on his own behalf. Thus, Counsel has complied with these requirements.

letter to determine whether it complies with the requirements for withdrawal applications.

In his petition for review, Bleach advances four arguments: (1) the Board acted capriciously in lodging a detainer against him; (2) the Board erred in failing to credit him for his street time when recalculating his maximum sentence date; (3) the Board erred in recalculating his maximum sentence date; and (4) the Board deprived him of due process. Counsel's no-merit letter contains an adequate summary of Bleach's parole and conviction history. Further, Counsel has discussed each of these issues and provided satisfactory legal analyses. Counsel's no-merit letter, therefore, meets the requirements under *Zerby*, and we may proceed to determine whether Counsel is correct that Bleach's petition for review has no merit.

Bleach's first argument appears to be two-fold. Bleach argues that the Board acted capriciously when it lodged a detainer against him. Due to the Board's imposition of this detainer, Bleach alleges that he was prevented from posting bail. Our Supreme Court, in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), explained parole and its procedures in detail. "An offender on state parole is in the legal custody of the Board until that offender completes the service of his maximum sentence or until the Board recommits the offender as a parole violator." *Martin*, 840 A.2d at 303. "[I]f an offender is subsequently arrested while on parole, an automatic detainer is applied, which subjects the offender to possible consequences for violations of parole that will be decided by the Board in a subsequent proceeding." *Id*. The power to impose an automatic detainer on parolees who are charged with new offenses comes from Section 6138(b)(1) of the Prisons and Parole Code.[6] "The formal filing of a charge after parole against a

_____

[6] 61 Pa. C.S. § 6138(b)(1).

parolee within this Commonwealth for any violation of the laws of this Commonwealth shall constitute an automatic detainer and permit the parolee to be taken into and held in custody." 61 Pa. C.S. § 6138(b)(1). Bleach committed a criminal offense while he was on parole. The Dickson City police, therefore, arrested and charged Bleach. Accordingly, the Board applied an automatic detainer based on the criminal charges. The Board, therefore, did not abuse its discretion or act capriciously by lodging a detainer against Bleach. Further, the imposition of a detainer prevents an offender from being released on bail, but the offender may still post bail. 37 Pa. Code § 65.5(2) ("If a parolee is arrested while on special probation or parole, the Board may place a detainer against him which will prevent the parolee from making bail, pending the disposition of the new charges or other action of the court."); *see also Jones v. Pa. Bd. of Prob. and Parole*, 401 A.2d 1247, 1248 ("The law is clear that lodging a detainer warrant against an arrested parolee who has posted bail on the new charge does not violate his constitutional rights."). Bleach, therefore, was not precluded from posting bail on his new criminal charges. Rather, he was not permitted to be released on bail. Based on our conclusions herein, Bleach's first argument fails.

Next, Bleach argues that the Board erred in failing to credit him for his street time when recalculating his new maximum sentence date because his offense is not the type of crime defined by Section 6138(a)(2.1) of the Prisons and Parole Code. Bleach's argument here also has no merit. "It is well-settled that the Board has the authority to forfeit street time when a parolee is recommitted as a convicted parole violator." *Staton v. Pa. Bd. of Prob. and Parole*, 171 A.3d 363, 366 (Pa. Cmwlth. 2017). Section 6138(a) of the Prisons and Parole Code gives the Board

7

discretion to award credit for the time spent at liberty on parole.[7] Further, the Board must "provide a contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole." *Pittman v. Pa. Bd. of Prob. and Parole*, 159 A.3d 466, 475 (Pa. 2017). Accordingly, so long as the Board provides a reason for denying credit for street time, it has sufficiently exercised its discretionary power. In this case, the Board provided a statement explaining its reason for denying Bleach credit for his street time. On its hearing report, the Board explained: "Revoke street time due to [second] conviction (drugs) while on parole." (C.R. at 175.) The Board, therefore, has exercised its discretionary

---

[7] *See* 61 Pa. C.S. § 6138(a), providing:

(a) Convicted violators.--

(1) *A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment*, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, *may at the discretion of the board be recommitted as a parole violator.*

(2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*

(2.1) *The board may, in its discretion, award credit to a parolee recommitted* under paragraph (2) for the time spent at liberty on parole, *unless* any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

(Emphasis added.)

power pursuant to Section 6138(a)(2.1) of the Prisons and Parole Code and our Supreme Court's decision in *Pittman*. Accordingly, Bleach's argument fails.

Bleach's next argument is that the Board erroneously extended his maximum sentence date beyond the judicially imposed maximum. To the extent that Bleach argues that the Board was taking on a judicial function, our Courts have routinely rejected this argument. "[W]hen the Board refuses to credit a convicted parole violator with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled." *Gaito v. Pa. Bd. of Prob. and Parole*, 412 A.2d 568, 570 (Pa. 1980); *Accord Young v. Pa. Bd. of Prob. and Parole*, 409 A.2d 843, 848 (Pa. 1979) ("[T]he Parole Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power."). To the extent that Bleach's argument is based on a characterization of the Board's recalculation of his maximum sentence date as an extension, such an interpretation is incorrect. When a parole violator is recommitted, the Board must recalculate his or her sentence based on the date of recommitment. "The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 Pa. C.S. § 6138(a)(4). Bleach's original maximum sentence date was July 11, 2017. The Board paroled Bleach on April 14, 2014, leaving 1183 days left to be served ("back time" owed) in case of recommitment. The Board detained Bleach for one day solely on the Board's detainer, and ultimately credited that one day to his original sentence. Bleach was placed in custody as a convicted parole violator on January 26, 2016. Adding 1183 days minus one day to that date, yields a new maximum date of April

9

23, 2019 for Bleach's original sentence. There was, therefore, no extension of Bleach's sentence.

Bleach's final argument is that the Board violated his due process rights by failing to award street time in the calculation of the new maximum sentence date, and by allegedly extending Bleach's maximum sentence date. This Court has frequently held that "the Board's re[-]computation of a convicted parole violator's sentence, resulting in a denial of credit for time spent on parole, does not violate the prisoner's due process rights under either the Pennsylvania or United States Constitutions." *Auman v. Pa. Bd. of Prob. and Parole*, 394 A.2d 686, 688 (Pa. Cmwlth. 1978); *Young v. Pa. Bd. of Prob. and Parole*, 370 A.2d 813, 814 (Pa. Cmwlth. 1977); *Kuykendall v. Pa. Bd. of Prob. and Parole*, 363 A.2d 866, 869 (Pa. Cmwlth. 1976). The Board, therefore, did not violate Bleach's due process rights by failing to award street time in the recalculation of his sentence.[8] Further, as we discussed in the preceding paragraph, the Board did not extend Bleach's maximum sentence date. Bleach's argument here, therefore, is of no merit.

Based on the foregoing discussion, we agree with Counsel that Bleach's petition for review lacks merit, and, therefore, we grant Counsel's amended petition for leave to withdraw as counsel. Moreover, because we have concluded that

---

[8] The due process concerns discussed by our Court in *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019) (en banc), are not relevant to the circumstances now before the Court. In *Penjuke*, we addressed the changed legislative landscape created by the General Assembly's passage of Section 6138(a)(2.1) of the Prisons and Parole Code, which gave the Board discretionary authority to grant street time to convicted parole violators. The issue before this Court in *Penjuke* was whether the Board, in light of Section 6138(a)(2.1), is authorized, when recommitting a convicted parole violator, to revoke street time that was previously awarded to a technical parole violator following a previous period of parole. That issue, however, is not relevant here, as the matter now before the Court does not involve the loss of previously awarded credit for an earlier period of parole.

Bleach's appeal lacks merit, we affirm the order of the Board denying his administrative appeal.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamel Bleach, :
                Petitioner :
                 :
        v. : No. 794 C.D. 2017
                 :
Pennsylvania Board :
of Probation and Parole, :
              Respondent :

# **O R D E R**

AND NOW, this 31st day of May, 2019, the motion to withdraw as counsel filed by Steven M. Johnston, Esquire, is GRANTED, and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

 

<br>

                                     _____

                                     P. KEVIN BROBSON, Judge