Martin Harris, Jr., a/k/a Arthur Carmichael, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs, September 12, 1978, to President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MACPHAIL.

*Martin Harris, Jr.,* petitioner, for himself.

*Robert A. Greevy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, November 2, 1978:

Martin Harris, Jr., a/k/a Arthur Carmichael (petitioner) has filed a Petition for Review with this Court directed against the Pennsylvania Board of Probation and Parole (Board). Presently before us are motions for summary judgment filed by both the petitioner and the Board.

In 1955 the petitioner was convicted of two counts of aggravated robbery and was sentenced to serve consecutive terms of 5-10 and 10-20 years, *i.e.,* an aggregate term of 15-30 years, effective August 22, 1955. He was paroled on January 19, 1974, having then served approximately 18 years and 5 months. Subsequently, on April 7, 1974, he was arrested on a charge of bank robbery, and on or about April 9 he informed his probation officer he would plead guilty at his arraignment. A preliminary detention hearing was held by the Board where it was established that the petitioner had committed a technical parole violation in violating condition 6 of his parole, *i.e.,* possession of a weapon, and "probable cause" for revocation of parole was noted. A final parole revocation hearing was scheduled for July 23, 1974 by the Board and the petitioner was therefore detained by it pend-

ing disposition of the criminal charges. On May 31, 1974, he was convicted of bank robbery and was sentenced on June 26, 1974, to a term of 6 years at a federal penitentiary, which sentence was to run concurrently with any sentences on which there was back time owed under Pennsylvania law. The petitioner's parole revocation hearing, scheduled for July 23, 1974, was not held because of his transfer to a federal prison, but he was returned to the State Correctional Institution at Graterford on February 28, 1978, and, on March 17, 1978, he received notice from the Board that he was charged with violating condition 3 of his parole, *i.e.*, commission of a bank robbery, and that the revocation hearing would be held on March 30, 1978. He then signed a waiver as to a full Board hearing and to legal counsel. The hearing was continued to April 13, 1978 at the Board's request for the stated purpose of notifying the petitioner and his counsel, and, after this hearing, he was recommitted not as a technical parole violator but as a convicted parole violator with back time of 11 years 7 months on his 1955 conviction. His original maximum sentence expiration date was modified by the Board to read September 28, 1989.

The petitioner argues that he was not afforded a timely revocation hearing, that his sentence has been unlawfully extended, and that unnecessary and illegal delay by the Board caused him to be segregatively confined from February 28, 1978 to May 29, 1978 where he was ineligible for rehabilitative pursuits.

In support of his first argument, the petitioner points out that he had admitted his guilt to his parole officer on or about April 9, 1974, soon after his arrest, and that he had so pleaded at his arraignment on May 1, 1974. He argues that his revocation hearing therefore should have been held either immediately under Pa. R. Crim. P. 1409 or within 30 days of

the Board's determination in 1974 that he was a technical parole violator under 37 Pa. Code §§71.2(10), 71.4(1).

We believe it to be clear that Pa. R. Crim. P. 1409 does not apply to proceedings before the Board. The Board's regulations in 1974 which would have applied, however, provide in pertinent part as follows:

§71.2 Procedure for violation of parole conditions.

The following procedures shall apply in all cases where the parolee is charged with a violation of parole conditions other than arrest or conviction for a new criminal offense:

. . . .

(10) The Board shall transmit its decision to the parolee in writing. . . . If the Board finds there is probable cause for revocation, a hearing shall be scheduled as promptly as possible but not later than within 30 days of the action of the Board.

37 Pa. Code §71.2.

§71.4 Conviction for a new criminal offense.

The following procedures shall apply in those cases in which the only violation charged is the conviction for a new criminal offense:

(1) If the parolee is found guilty of a criminal offense committed while he was on parole, the Board may lift the warrant or detainer, if appropriate, or shall schedule a hearing to determine what sanctions, if any, shall be imposed for violation. The hearing shall be held within 30 days of notification of imposition of sentence.

37 Pa. Code §71.4.

The Board maintains that it did conduct a timely revocation hearing because, inasmuch as the petitioner was sentenced on June 26, 1974, it therefore had 30 days to hold the revocation hearing under 37 Pa. Code §71.4(1) which it did schedule, to wit, on July 23, 1974. Prior to that hearing date, however, the petitioner was transferred to a federal penitentiary which rendered him unavailable for the hearing in accordance with the Board's following regulation:

> If the parolee is in custody in another state, or in Federal custody, the Board may lodge its detainer but all other matters shall be deferred until the parolee has been returned to this Commonwealth.

37 Pa. Code §71.5(c).

The Board also notes that a parolee is not constitutionally entitled to an immediate revocation hearing when he is confined in a federal penitentiary for a crime committed while on parole and the Board has lodged a detainer but the parolee is not in custody under the Board's duly executed warrant. *Commonwealth ex rel. Bonaparte v. Board of Probation and Parole*, 30 Pa. Commonwealth Ct. 10, 372 A.2d 502 (1977). *See Moody v. Daggett*, 429 U.S. 78 (1976). Judge HIGGINBOTHAM of the United States District Court has held that a plea of guilty provides the Board with all the information it needs to begin the parole revocation process because it establishes the fact of a parole violation. *United States ex rel. Burgess v. Lindsey*, 395 F. Supp. 404, 411 (E.D. Pa. 1975). In that case, however, it was held that the Board's delay of the final revocation hearing until after the parolee's sentencing on the new criminal charges was unreasonable, the time between convictions and the hearing being 9 months, 7 months longer than the 2-month lapse suggested as reasonable by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471 (1972).

Such an unreasonable delay was not present here and we must therefore find no due process violations by the Board in deferring the hearing until the petitioner had been returned to the state penitentiary.

The petitioner returned to the state penitentiary on February 28, 1978 and he argues that the Board's hearing on April 13, 1978 was untimely. This argument is without merit, however, because Section 71.4 (2)(i) of the Board's regulations allow the final revocation hearing to be held within 120 days of the official verification of the Board of the return of a parolee to a State correctional facility. 7 Pa. B. 487; *Terrell v. Jacobs*, 37 Pa. Commonwealth Ct. 493, 390 A.2d 1379 (1978). We must conclude therefore that the revocation hearing in this case was timely, being clearly within this period, and this complaint is therefore also without merit.

The final issue is whether or not the petitioner was improperly required to serve his back-time as a convicted parole violator when the sentencing judge on his federal conviction had ordered that sentence to run concurrently with any state back-time. The Board maintains its action was proper and that the federal sentencing judge had no authority to impose a concurrent sentence, citing Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a(a). This section provides that if a parolee commits a crime while on parole, he may be recommitted and "[i]f his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled. . . ." 61 P.S. §331.21a(a). Indeed, it is clear a parole violation sentence cannot run concurrently with the sentence for the offense committed during parole, notwithstanding a court's order that the sentence be con-

current. *Commonwealth v. Draper,* 222 Pa. Superior Ct. 26, 293 A.2d 614 (1972); *Young v. Pennsylvania Board of Probation and Parole,* 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977). This is the law regardless of the fact that his term might otherwise have expired. *United States ex rel. Heacock v. Myers,* 251 F. Supp. 773 (E.D. Pa.), *aff'd,* 367 F.2d 583 (3d Cir. 1966). The Board, therefore, could extend the expiration date of the sentence for which the petitioner was on parole. *Young v. Pennsylvania Board of Probation and Parole, supra; Kuykendall v. Pennsylvania Board of Probation and Parole,* 26 Pa. Commonwealth Ct. 234, 363 A.2d 866 (1976).

The petitioner's motion for summary judgment is denied and the Board's motion for summary judgment is hereby granted.

### Order

And Now, this 2nd day of November, 1978, on the above-captioned matter, the petitioner's motion for summary judgment is therefore denied and the Board's motion for summary judgment is hereby granted.