**Anthony WALKER, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 17, 1998.
Decided March 31, 1999.

Anthony Walker, petitioner, pro se.

Robert A. Greevy, Harrisburg, for respondent.

Before COLINS, President Judge, and SMITH, J., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Anthony Walker petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) recorded on January 12, 1998 that modified its prior determination of the maximum release date on Walker's original sentence and determined that this date is October 26, 2000.[1] Walker questions whether he is entitled to credit for all time he served under a Board warrant, where he satisfied bail requirements related to criminal charges in Maryland and where the charge resulting in a second detainer against Walker was ultimately nolle prossed; and whether another state that requests temporary custody of a prisoner in Pennsylvania pursuant to Section 9101 of the Judicial Code, 42 Pa.C.S. § 9101 (Agreement on Detainers), may award credit toward the sentence imposed in that state for time served under sentence in Pennsylvania. In addition, court-appointed counsel has petitioned for leave to withdraw as counsel.[2]

I

In December 1993, Walker was released on parole from a sentence of one to five years for robbery. At that time he had 3 years, 11 months and 24 days remaining on his maximum sentence expiration date of December 23, 1997. In July 1995, while on parole, Walker was arrested in Ocean City, Maryland and was charged with battery, assault and reckless endangerment of another person. He posted bail and was released on the condition that he appear at a hearing on those charges in Maryland scheduled in November 1995. However, the Board declared Walker delinquent on parole, and on October 4, 1995, it detained Walker pursuant to a warrant for his arrest and detainer it lodged against him. Walker was incarcerated at the State Correctional Institution at Pittsburgh; as a result, he failed to appear at the November hearing in Maryland, and a warrant was issued on November 15, 1995 for his arrest. On December 11, 1995, the Maryland authorities issued a detainer against Walker, and on January 3, 1996, the Board recommitted Walker as a technical parole violator to serve 18 months backtime.

Ultimately, however, the Maryland authorities obtained temporary custody of Walker pursuant to the Agreement on Detainers and transported him to Maryland for a hearing on the criminal charges of assault, battery, reckless endangerment and failure to appear. On January 9, 1997, Walker was convicted of battery by order of the Worcester County Circuit Court in Maryland, and he received a five-year sentence with credit for all time served since November 15, 1995. All other charges against Walker were nolle prossed, including the charge of failure to appear.

---

1. By order of January 28, 1999, the Court granted reconsideration in this matter for the limited purpose of further explaining its rationale for the result reached and withdrew its opinion and order filed November 23, 1998.

2. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), Counsel filed a brief in support of his petition in which he stated that he reviewed the certified record, the petition for review, notes and correspondence kept at the Office of the Public Defender and relevant case law. Counsel concluded from his review that Walker raised only the issue of whether he is entitled to credit for all of the time he served while incarcerated pursuant to the Board's detainer of October 4, 1995 and that this issue is frivolous and without merit. Counsel contends that Walker was not incarcerated solely because of the Board's detainer but also because the Maryland authorities placed a detainer on him for his violation of bail conditions, and he therefore is not entitled to credit against the original sentence for time spent on the Board's detainer. Counsel believes that the time from November 15, 1995 until January 9, 1997 must be credited to the new sentence imposed in Maryland, not to the original Pennsylvania sentence.

■ In March 1997, the Board held a revocation hearing as a result of the new Maryland criminal conviction. On May 22, 1997, the Board modified its previous order issued in January 1996 and recommitted Walker as a convicted parole violator to serve 15 months backtime, concurrently with the backtime he was serving as a technical parole violator. The Board redetermined the maximum expiration date on Walker's sentence for robbery;[3] in January 1998, the Board reaffirmed its previous order issued in May 1997, except as to its determination of Walker's maximum sentence date. The Board reasoned that Walker became available to serve his original sentence on January 9, 1997, the date of his Maryland conviction, and, as a result, it calculated Walker's maximum sentence date from January 9. The Board credited the time Walker served between October 4, 1995, the date of its detainer, and December 11, 1995, the date of Maryland's detainer, to his original sentence and determined that the maximum time remaining on the robbery sentence resulted in a recalculated maximum sentence date of October 26, 2000.[4] Thus the actual time periods at issue in this appeal are from January 3, 1996, while Walker was under recommitment and serving backtime on his original sentence, to January 9, 1997, the date of his Maryland sentence, and from December 11, 1995 to January 2, 1996.

## II

■ It is now well established that time spent in custody pursuant to a detainer warrant of the Board shall be credited to a convicted parole violator's original sentence where the parolee was eligible for and satisfied bail requirements for the new offense and would not have been incarcerated but for the Board's detainer. *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980). Walker initially posted bail and therefore met the bail requirements on his new criminal charges in Maryland. However, because Walker was incarcerated under the Board's detainer of October 4, 1995, he failed to appear in Maryland, and, according to Walker, this left the Maryland authorities no choice but to issue a detainer against him. Walker also argues that because the charge of failure to appear was ultimately nolle prossed, he was again in the position of having satisfied bail requirements on the new charges and therefore was entitled to credit against his original sentence for all time served after his incarceration on October 4, 1995.

The Board calculated Walker's maximum sentence date in the order at issue beginning on January 9, 1997. In doing so, the Board failed to give Walker credit for time he served while incarcerated in Pennsylvania pursuant to the Board's own recommitment order of January 3, 1996 (as modified by its order of May 22, 1997). The fact that the Maryland authorities gave him credit for this time on his new sentence does not alter the fact that as of January 3, 1996, Walker was not incarcerated pursuant to a Board detainer, but was recommitted, and thus he was not only available but was in fact serving backtime on his original sentence. In part, the Maryland authorities permitted Walker to serve the unsuspended portion of his sentence there concurrently with the backtime he had served on his original sentence in this Commonwealth.

3. As a convicted parole violator, Walker was not entitled to credit against his original sentence for the time he spent at liberty on parole. Section 21.1 of the Act commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a.

4. This Court's review of the Board's order is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Leese v. Pennsylvania Board of Probation and Parole*, 131 Pa.Cmwlth. 448, 570 A.2d 641 (1990).

 The Court notes that such a sentence is not permitted under the law of this Commonwealth. Section 21.1(a) of the Act commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a(a), mandates that sentences for crimes committed on parole must be served consecutively with time remaining on original sentences and thus prohibits courts of this Commonwealth and the Board from imposing concurrent sentencing. *Commonwealth v. Zuber,* 466 Pa. 453, 353 A.2d 441 (1976). Also, the Board may not impose a parole violation sentence to run concurrently with a new sentence for an offense committed while on parole. *Harris v. Pennsylvania Board of Probation and Parole,* 38 Pa.Cmwlth. 391, 393 A.2d 510 (1978).

 Section 21.1(a) of the Act could not and did not prohibit a court outside of this Commonwealth from imposing a sentence that was in part concurrent. Moreover, this Court is required by provisions of the United States Constitution to give full faith and credit to a judgment or judicial decree of a sister state. *Department of Transportation, Bureau of Driver Licensing v. Adcock,* 103 Pa.Cmwlth. 298, 520 A.2d 118 (1987). Therefore, this Court must respect the Maryland authorities' concurrent sentencing even though such sentencing is not permitted in this Commonwealth. To credit to his new sentence only the time that Walker served in this Commonwealth from January 3, 1996 to January 9, 1997, as the Board has sought to do here, would violate the full faith and credit principle stated above.[5] The Court, therefore, holds that Walker is entitled to credit against his original sentence for all time served from January 3, 1996 to January 9, 1997.

The Board maintains that the Court's holding is irreconcilable with *Snyder v. Pennsylvania Board of Probation and Parole,* 701 A.2d 635 (Pa.Cmwlth.1997), *appeal denied,* 555 Pa. 693, 722 A.2d 1059 (1998). However, *Snyder* is distinguishable on its facts because the parolee there received his new sentence not for a crime committed in another state, but for a crime committed in this Commonwealth, and no detainer was lodged against him pursuant to the Agreement on Detainers, 42 Pa.C.S. § 9101. The parolee in *Snyder* served one year in a state correctional facility after he was recommitted by the Board as a parole violator and before he was sentenced on his new criminal conviction in this Commonwealth. The Court held that he was not available to serve time remaining on his original sentence until the date he received his new sentence. *Id.* This holding is not controlling here as the parolee in *Snyder* had not posted bail for the new criminal charges and, pursuant to the principle enunciated in *Gaito,* the parolee could not receive credit toward his original sentence because he was not incarcerated solely due to a Board detainer.

The Board also argues that the holding in *Harris* controls the outcome here. In *Harris* a federal court imposed a new sentence to run concurrently with backtime to be served by the parolee. The Board did not impose its sentence on the parolee to serve backtime until after the parolee completed serving his new sentence. When the Board issued its order, it gave the parolee no credit for any time he had served on his new sentence in the federal prison, notwithstanding the federal court's order that the new sentence would run concurrently with the time remaining on his original sentence. This Court held that the Board did not err in refusing to

**5.** As Walker correctly contends, Article V(f) of the Agreement on Detainers provides, *inter alia,* that time served while in temporary custody of foreign authorities shall continue to run against the prisoner's sentence. 42 Pa. C.S. § 9101, Article V(f). Also, Article V(g) of

the Agreement provides that for all purposes other than that for which temporary custody has been sought, the prisoner shall be deemed to remain in the custody of and subject to the jurisdiction of the sending state. 42 Pa.C.S. § 9101, Article V(g).

give the parolee credit for time served on the new sentence because Section 21.1(a) mandates that an original sentence be served consecutively with a new sentence. In contrast, the Board here deducted time that Walker had in fact served on his original sentence in Pennsylvania simply because the Maryland court gave him credit for this time on his new sentence. Thus *Harris* is not controlling authority here.

## III

■ Walker also argues that he is entitled to credit for time he served under the Board's detainer from October 4, 1995 to January 2, 1996 pursuant to *Davidson v. Pennsylvania Board of Probation and Parole,* 667 A.2d 1206 (Pa.Cmwlth.1995). In *Davidson* the parolee was placed under a detainer by the Board after new criminal charges were brought against him, but all of those charges were ultimately nolle prossed. The parolee had served approximately six months' time in lieu of bail while awaiting the disposition of those charges; the Court held that under those circumstances, principles of equity dictated that the parolee receive credit for the time served under the Board's detainer against his original sentence. Here, by contrast, only three of Walker's four new criminal charges were nolle prossed, and he received a sentence on the remaining charge, albeit effectively suspended. These circumstances are clearly distinguishable from those in *Davidson,* and the same principles of equity therefore do not apply.

Additionally, Walker argues that because his charge of failure to appear was nolle prossed, his failure to meet bail conditions on his remaining new charges was effectively "cured" and he is entitled to credit for the time he served under the Board's detainer for this reason as well. The Board's order specifically gave Walker credit for the time he served between the date of the Board's detainer on October 4, 1995 and the date of the Maryland detainer on December 11, 1995, but Walker contends that he is entitled to credit for the additional twenty-two days of incarceration under the Board's detainer between December 11, 1995 and January 2, 1996.

Walker contends that the Maryland authorities requested temporary custody of him pursuant to Article IV(a) of the Agreement on Detainers, 42 Pa.C.S. § 9101, Article IV(a), which provides in relevant part:

> The appropriate officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party state made available in accordance with Article V(a) hereof upon presentation of a written request for temporary custody. . . .

If the detainer were lodged by the Maryland authorities pursuant to this provision of the Agreement, Walker would not have been incarcerated solely because of the Board's October 1995 detainer during the relevant twenty-two day period in the absence of the charge of failure to appear. Therefore, *Gaito* would not be controlling, and Walker would not be entitled to credit for the additional twenty-two day time period.

Accordingly, the Court vacates the Board's order, and this matter is remanded to the Board for a recalculation of the maximum sentence date of Walker's original sentence consistent with the discussion and reasoning articulated in Parts I and II of this opinion. In addition, because the Court cannot conclude that Walker's appeal was wholly frivolous, the Court denies counsel's petition for leave to withdraw.

## *ORDER*

AND NOW, this 31st day of March, 1999, the order of the Pennsylvania Board of Probation and Parole is hereby vacated, and this matter is remanded to the Board for further proceedings consistent with the

foregoing opinion. Further, counsel's petition to withdraw is denied.

Jurisdiction is relinquished.