J-S06027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY MICHAEL BISAZZA | |
| Appellant | No. 1284 MDA 2015 |

Appeal from the Order Entered July 15, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001046-2013

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MUNDY, J.:                **FILED FEBRUARY 17, 2016**

Appellant, Anthony Michael Bisazza, appeals from the July 15, 2015 order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the procedural history of this case as follows.

> On March 15, 2013, the Commonwealth filed Criminal Information No. 1046-2013, which charged [Appellant] with four counts: Count 1, Burglary (F1); Count 2, Criminal Conspiracy (Burglary) (F1); Count 3, Theft by Unlawful Taking (F2); and Count 4, Person Not to Possess a Firearm (F2).[1] [At the time of his arrest in this case, Appellant was on parole in an unrelated case.  As a result, the Pennsylvania Board of Probation and Parole lodged a detainer against Appellant based on the new charges.]

*Former Justice specially assigned to the Superior Court.

On November 6, 2013, [Appellant] appeared before the Honorable Judge Louis J. Farina and entered a guilty plea to all four counts. Pursuant to a negotiated plea agreement, [Appellant] received a sentence of three to six years['] incarceration in the State Correctional Institution on Count 1 (Burglary), three to six years['] incarceration on Count 2 (Criminal Conspiracy – Burglary) to run concurrently with Count 1, four to eight years['] incarceration on Count 3 (Theft by Unlawful Taking) to run consecutive to Counts 1 and 2, and five to ten years['] incarceration on Count 4 (Person Not to Possess a Firearm) to run concurrently with all other counts. The aggregate sentence was 7 to 14 years of incarceration.

On December 1, 2014, [Appellant] filed a *pro se* PCRA Motion. Thereafter, on December 2, 2014, [the PCRA] [c]ourt appointed Vincent J. Quinn, Esquire, as counsel to represent [Appellant] in his PCRA Motion. Counsel was granted 60 days to file an amended petition.

On February 27, 2015, PCRA counsel filed an Amended PCRA Motion, requesting a hearing to address allegations that trial counsel rendered ineffective assistance of counsel such that no reliable adjudication of guilt or innocence could have taken place. More specifically, the Amended Motion alleged that trial counsel incorrectly advised [Appellant] the sentence on docket number 1046-2013 would run concurrently with any re-commitment [Appellant] would receive on his state parole violation setback, and [Appellant] pleaded guilty based on said representation.

On May 13, 2015, the [PCRA] [c]ourt conducted an evidentiary hearing to address [Appellant's] Amended PCRA Motion. … Thereafter, on July 15, 2015, the [PCRA] [c]ourt issued an opinion and order dismissing [Appellant's] Amended PCRA Motion, finding that [Appellant] failed to meet his burden of proving that counsel was ineffective, or

that the alleged ineffectiveness caused him to enter into an unknowing or involuntary guilty plea.

---

[1] 18 Pa. C.S.A. § 3502(a)(2); 18 Pa. C.S.A. § 903(a); 18 Pa. C.S.A. § 3921(a); and 18 Pa. C.S.A. § 6105(a)(1), respectively.

PCRA Court Opinion, 8/19/15, at 1-3 (citations and footnote omitted). On July 24, 2015, Appellant filed a timely notice of appeal with this Court.[1]

On appeal, Appellant presents the following issue for our review.

Whether the [PCRA] court erred in denying the [Appellant's] amended PCRA [petition] when [Appellant] was denied his right to the effective assistance of counsel when his counsel failed to advise him that by operation of law his state parole recommitment was required to be served consecutively to his aggregate sentence of seven to fourteen years[?]

Appellant's Brief at 4.

We review an appeal from the denial of PCRA relief according to the following principles.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

---

[1] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013) (citation omitted).

> [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Medina***, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014) (*en banc*) (internal quotation marks and citations omitted), *appeal granted*, 105 A.3d 658 (Pa. 2014). Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). These errors include ineffectiveness of counsel. ***Id.*** § 9543(a)(2)(ii). The issues raised in a PCRA petition must be neither previously litigated nor waived. ***Id.*** § 9543(a)(3).

In his PCRA petition, Appellant alleges ineffective assistance of trial counsel in his guilty plea proceeding. When reviewing a claim of ineffectiveness, we apply the following test, first articulated by our Supreme Court in ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

> [C]ourts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.

To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.

…

[T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (citations and internal quotation marks omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 329 (Pa. 2011).

The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a

- 5 -

stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted). "In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea." ***Commonwealth v. Allen***, 732 A.2d 582, 587 (Pa. 1999).

Here, Appellant claims that his counsel was ineffective for failing to advise him that his sentence in this case would be consecutive to his state parole violation recommitment.[2] Appellant's Brief at 12-13. Appellant does not assert that trial counsel affirmatively advised him that his parole recommitment and new sentence would be concurrent or that trial counsel "promised a specific recommitment[ on the parole violation.]" ***Id.*** at 13. Nonetheless, Appellant contends that trial counsel's silence as to whether the parole recommitment and the new sentence would be concurrent, combined with counsel's request that Appellant receive credit for time served from the date of Appellant's arraignment in this case, February 11, 2013, caused Appellant to "reasonably believe[] that the sentences would run

_____

[2] The Parole Board was statutorily required to run Appellant's parole revocation sentence consecutively to his sentence on the new charges. 61 Pa.C.S.A. § 6138; ***see also Walker v. Pa. Bd. of Prob. and Parole***, 729 A.2d 634, 638 (Pa. Commw. Ct. 1999) (recognizing "the [Parole] Board may not impose a parole violation sentence to run concurrently with a new sentence for an offense committed while on parole[]") (citation omitted).

concurrently." *Id.* Appellant argues that his plea was not knowing and voluntary because he entered into it with the belief that the parole recommitment would run concurrently with his new sentence. *Id.*

This Court has held that the possibility of parole revocation in an unrelated criminal case is a collateral consequence of a guilty plea. *Barndt*, *supra* at 195 (citation omitted). Because parole revocation is a collateral consequence, it follows that the length of the resulting parole recommitment and whether it runs consecutively to any new sentence are also collateral consequences. *See id.* at 198-199 (treating the length of the appellant's parole setback as a collateral consequence); *see also* 61 Pa.C.S.A. § 6138 (providing the Parole Board with the discretion to revoke parole and impose recommitment). Accordingly, trial counsel's **failure to advise** a defendant of a collateral consequence of his plea is not ineffectiveness. *Commonwealth v. Abraham*, 62 A.3d 343, 353 (Pa. 2012); *see also Barndt*, *supra* at 196, 201. In contrast, trial counsel will be deemed ineffective when he provides an erroneous **affirmative representation** of either a direct or a collateral consequence of a plea. *See Barndt*, *supra* at 196.

Here, Appellant's claim fails to meet the first prong of the *Pierce* test because it lacks arguable merit. The PCRA court found that "trial counsel was credible when testifying at the PCRA Hearing that he did not advise [Appellant] the sentence [in this case] would run concurrently with his state

parole violation setback." PCRA Court Opinion, 8/19/15, at 8. The PCRA court explained as follows.

> [T]here was absolutely no testimony or evidence presented at the PCRA [h]earing to establish that trial counsel affirmatively misled [Appellant] regarding a collateral consequence of his guilty plea, or that trial counsel informed [Appellant] any sentence he received on the new charges [] would run concurrently with the state parole violation setback. Rather, trial counsel specifically denied ever making such a representation. Moreover, when asked whether trial counsel gave him such advice, [Appellant] replied "[h]e didn't." [Appellant] simply stated "I assumed…[.]"

*Id.* (citations omitted). Further, the PCRA court also found Appellant's claim that trial counsel affirmatively gave him misleading advice was not credible for the following reasons.

> [T]he [PCRA] [c]ourt cannot accept [Appellant's] assertion that trial counsel's request for credit on the new charges from the date of arraignment led to the understanding or promise that the issue of concurrency between a parole re-commitment and the new sentence was 'taken care of." At no point did trial counsel request, nor did the [trial] [c]ourt reference time credit as it would relate to [Appellant's] potential state parole violation setback. [Appellant's] erroneous assumption cannot be transmuted to constitute faulty legal advice by trial counsel.

***Id.*** The record supports the PCRA court's credibility determinations, and they are binding on this Court.[3] ***See Medina***, ***supra***.

Further, Appellant's argument on appeal admits that trial counsel did not make any affirmative representation that his parole violation sentence would be concurrent. Appellant's Brief at 12-13. Instead, Appellant contends that trial counsel's failure to advise him that the parole recommitment would be consecutive, combined with counsel's request for time served, led him to believe that the parole recommitment would be concurrent. ***Id.*** at 13. This is an argument that trial counsel did not advise Appellant of a collateral consequence of his plea. However, trial counsel had no obligation to advise Appellant of any collateral consequence of his plea, and such an omission cannot form the basis of an ineffectiveness claim. ***See Abraham***, ***supra***; ***Barndt***, ***supra***. Therefore, Appellant's ineffectiveness claim does not warrant relief because it lacks arguable merit. ***See Michaud***, ***supra***; ***Birdsong***, ***supra***.

---

[3] We note that during the oral guilty plea colloquy, Appellant indicated that no promises outside of the sentence in the negotiated plea agreement in the current case were made to him to induce his plea. N.T., 7/15/15, at 9. Moreover, on the written guilty plea colloquy form, Appellant acknowledged that any sentence in this case could be consecutive to any other sentence he was serving. Guilty Plea Colloquy and Post-Sentence Rights, 11/6/13, at 5, ¶ 47. Appellant also recognized that if the guilty plea resulted in a violation of any probation or parole, it could be revoked, and he could be subject to a new sentence for the violation. ***Id.*** at 5, ¶ 48. Further, at the PCRA hearing, Appellant testified that trial counsel did not make any statements that his parole recommitment would run concurrently with his sentence in this case. N.T., 5/13/15, at 6.

Based on the foregoing, we conclude that the PCRA court's denial of Appellant's PCRA petition is supported by the record and free of legal error. *See Medina*, *supra*; *Feliciano*, *supra*. Accordingly, the PCRA court's July 15, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2016