J-A11030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFERY EUGENE ZEIGLER | : | |
| | : | |
| Appellant | : | No. 1909 MDA 2017 |

Appeal from the PCRA Order November 14, 2017
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000772-2015

BEFORE:   STABILE, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 20, 2018**

Appellant Jeffery Eugene Zeigler appeals from the order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Appellant argues that plea counsel's ineffectiveness caused him to enter an involuntary and unknowing guilty plea.  We affirm.

On September 14, 2015, Appellant entered a negotiated guilty plea to driving under the influence (DUI) and flight to avoid apprehension,[1] and was sentenced to an agreed-upon aggregate sentence of eighteen to seventy-two months' state incarceration.  At the time of sentencing, Appellant was on state parole for an unrelated matter.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(c), and 18 Pa.C.S. § 5126(a), respectively.

Appellant filed a *pro se* motion to modify sentence *nunc pro tunc* on September 2, 2016. The court issued an order on September 29, 2016, stating that Appellant's motion would be treated as a first PCRA petition and appointing PCRA counsel on Appellant's behalf. On April 5, 2017, counsel filed an amended petition alleging, in relevant part,[2] that Appellant's plea was unlawfully induced. Specifically, Appellant asserted that plea counsel led him to believe that the sentence in this case would begin to run on September 14, 2015, notwithstanding his outstanding parole violation. Amended PCRA Pet., 4/5/17, at 10.

The PCRA court conducted an evidentiary hearing on August 7, 2017. Plea counsel testified that at the time Appellant entered his guilty plea, she was aware of his status as a state parole violator. N.T. PCRA Hr'g, 8/7/17, at 7. She testified that she knew Appellant was facing some period of incarceration on his parole violation docket, but did not know if she knew how much backtime he was facing at the time of the plea. *Id*. She further testified that she did not recall specifically having a conversation about whether the new sentence would run consecutive or concurrent to the parole violation sentence. *Id.* She also stated that, "I can't imagine that I would have told him that they would run concurrently because that wasn't an agreement with the DA's office. And there is law out there stating that, that is something that

---

[2] Appellant's amended PCRA petition included a challenge to his DUI conviction based on *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016). However, Appellant did not pursue that issue in the instant appeal.

can't happen. But I don't specifically recall having that conversation with [Appellant]." *Id.* Plea counsel also said that although the sentencing sheet indicated that Appellant's plea sentence would commence on the date of the plea hearing, "typically the way things work is that the sentence will commence [that day] and the [Department of Corrections] will do what they need to do with calculating the back time for the parole violation." *Id.* at 10. Plea counsel reiterated at the end of her testimony that she did "not recall leading [Appellant] to believe that his sentences would run concurrent." *Id.* at 12.

Appellant testified that with respect to his conversation with plea counsel, "to my understanding of the conversation that took place that day, my time would start that day and it would be running with my parole violation. That's why I took the 18-72 months." *Id.* at 18. He also stated had he known that the new sentence would run consecutive to his violation sentence, he would have proceeded to trial.

On cross-examination, the Commonwealth asked Appellant, "But would you agree with me that at no point in time during the guilty plea colloquy or during sentencing were you ever told that, that it would be running concurrent?" *Id.* at 21. Appellant responded, "I was led to believe that. Was it actually stipulated to in the courtroom that day? I read my court transcripts. And it doesn't say in there. I can't remember exactly what was said that day. But according to the court transcripts, it wasn't brought up." *Id.*

At the conclusion of the hearing, the PCRA court directed the parties to submit briefs. On November 13, 2017, the PCRA court entered an order and opinion denying Appellant's petition. *See* PCRA Ct. Order, 11/13/17. Appellant filed a timely notice of appeal on December 11, 2017. That same date, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors. Appellant timely complied on December 20, 2017.

Appellant raises the following question for our review:

Did the trial court err in denying the Appellant's Amended Petition for Post Conviction Relief Pursuant to the Post Conviction Relief Act by order issued November 13, 2017 where testimony set forth at the hearing on August 7, 2017 established that the ineffective assistance of his counsel led the Appellant to erroneously believe that his sentences associated with a plea deal that were issued on September 14, 2015 would run concurrently with another prior sentence and that the Appellant, who has averred his innocence, would not have pled guilty had he been properly advised by his counsel on the matter?

Appellant's Brief at 8.

Appellant argues that the PCRA court should have found that the Appellant received erroneous information from his counsel prior to his plea. Appellant's Brief at 14. He asserts that plea counsel "led [him] to erroneously believe that his sentences associated with a plea deal that were issued on September 14, 2015, would run concurrently with another prior sentence" and that having "averred his innocence, [he] would not have pled guilty had he been properly advised by his counsel on the matter." *Id.* at 12.

He argues that "Appellant testified to this, his counsel could not remember otherwise, the transcript does not show otherwise, and language

in the sentencing order . . . supports this claim." *Id.* at 15. In support, Appellant points to the sentencing order, which indicates that Appellant's sentence was to commence on that date. *Id.* Appellant concludes that "[t]he PCRA's factual finding was not supported by the record. In the absence of said finding, the Appellant clearly demonstrated that his plea was unlawfully induced by the totality of the circumstances surrounding the plea." *Id.* at 16.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). Our "scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id.* (citation omitted).

In order to obtain relief on an ineffectiveness claim, a petitioner must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such

that there is a reasonable probability that the result of the proceeding would have been different absent such error.

Trial counsel is presumed to be effective, and [the defendant] bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations omitted). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." *Commonwealth v. Tharp*, 101 A.3d 736, 747 (Pa. 2014) (citations omitted).

In *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999), the Pennsylvania Supreme Court stated:

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

*Id.* (footnote and citations omitted); *accord Commonwealth v. Robinson*, ___ A.3d ___, ___, 2018 WL 2041425, at *6 (Pa. Super. 2018) (*en banc*). "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Barndt*, 74 A.3d at 192 (citation and internal quotation marks omitted). Counsel's failure to

inform a defendant about the possibility of parole revocation in an unrelated case does not, without more, invalidate the plea. *Id.* at 195. Conversely,

> [a]s clear as our case law is that counsel's omission to mention a collateral consequence of a guilty plea does not constitute ineffectiveness of counsel, it is equally clear that counsel's assistance is constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly about those consequences, without regard to whether the consequences in question are "direct" or "collateral."
>
> ***
>
> In short, when it comes to collateral consequences of a guilty plea, counsel's sins of omission must be treated differently than his sins of commission.

*Id.* at 196 (footnote and citation omitted), 201. Thus, to establish ineffectiveness, Appellant must plead and prove that counsel **affirmatively misled** him with respect to the parole consequences of his guilty plea.[3] *See id.*

Here, in concluding that Appellant's claim was meritless, the PCRA court explained:

> Although [plea counsel] recalled that [Appellant] was incarcerated for a parole revocation unrelated to the above-captioned dockets, she testified, "I can't imagine that I told him it would run

---

[3] By way of background, we note that the Parole Board was statutorily required to run Appellant's parole revocation sentence consecutively to his sentence on the new charges. *See* 61 Pa.C.S. § 6138; *see also Walker v. Pa. Bd. of Prob. & Parole*, 729 A.2d 634, 638 (Pa. Cmwlth. 1999) (recognizing "the [Parole] Board may not impose a parole violation sentence to run concurrently with a new sentence for an offense committed while on parole[]" (citation omitted)). Thus, under these particular facts, Appellant's new sentence could not commence until his parole revocation sentence was completed.

concurrently"[] and that she did not recall leading [Appellant] to believe that his new sentence would start running on September 14, 2015, rather than upon the conclusion of his parole revocation sentence in 2017. "In short when it comes to collateral consequences of a guilty plea, counsel's sins of omission must be treated differently than [her] sins of commission." Furthermore, [Appellant] himself did not recall any such discussion prior to entering a plea, and neither the transcripts from the sentencing hearing nor the written plea colloquy indicate that the sentences would run concurrently.

\*\*\*

Based on the evidence presented, it is clear to the [c]ourt that [Appellant's] argument lacks merit as [plea] counsel did not affirmatively provide [Appellant] erroneous advice about the length or manner of service of the sentences. As such, Appellant could not have relied upon advice that was never provided in the first place.

Failure to advise a defendant of the consequences of a guilty plea may indeed be cognizable under the ineffective assistance of counsel provisions of the PCRA, under certain circumstances. In the instant case, the fact that [Appellant]'s sentences at the above-captioned dockets would run consecutively, instead of concurrently, to the unrelated parole revocation term, is a collateral consequence, and thus does not undermine the validity of his guilty plea. Since collateral consequences, as opposed to direct consequences, are irrelevant to determining whether a guilty plea was entered voluntarily and knowingly, [plea] counsel was under no obligation to advise [Appellant] that his sentences for the above-captioned cases would run consecutively to his parole revocation on an unrelated docket. Because the [c]ourt finds that [Appellant]'s issue lacks merit, and with due regard to the [c]ourt's finding that [plea counsel] was a more credible witness than [Appellant],[4] the [c]ourt need not address the remaining prongs of the ineffectiveness of counsel analysis.

_____

[4] At the PCRA hearing, the Commonwealth offered evidence that Appellant had multiple *crimen falsi* convictions spanning from 1999 to 2013. The PCRA court indicated that "in consideration of this fact . . . the [c]ourt finds [plea

*Id.* at 8-11 (citations omitted).

In light of the PCRA court's findings of fact and credibility determinations, which are supported by the record, we are bound to conclude that plea counsel did not affirmatively mislead Appellant with respect to the consequences of his parole revocation.[5] *See Spotz*, 18 A.3d at 259; *See Barndt*, 74 A.3d at 196. Accordingly, because counsel's omission in this context cannot form the basis of an ineffectiveness claim, we agree with the PCRA court that Appellant's claim lacks arguable merit and does not warrant relief. *See Barndt*, 74 A.3d at 192.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/20/2018

---

counsel]'s testimony to be credible and deserving of more weight than [Appellant]'s. PCRA Ct. Op., 11/13/17, at 7.

[5] We also note that during the oral guilty plea colloquy, Appellant indicated that no promises outside of the sentence in the negotiated plea agreement in the current case were made to him with respect to his plea. *See* N.T., Guilty Plea Hr'g, 9/14/15, at 4, 6. Moreover, on the written guilty plea colloquy form, Appellant acknowledged that no promises were made to persuade him to plead guilty. *See* Written Colloquy Form, 4/14/15, at 5.