IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael A. Gorman,                          :
                          Petitioner        :
                                            :
            v.                              :    No. 1745 C.D. 2019
                                            :    Submitted: July 17, 2020
Pennsylvania Board of Probation             :
and Parole,                                 :
                          Respondent        :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                           FILED:  November 20, 2020

        Michael A. Gorman (Gorman) petitions for review of an order from the
Pennsylvania Board of Probation and Parole[1] (the Board) affirming the Board's
recalculation of Gorman's new maximum sentence date.  Gorman argues that his
maximum sentence date should not be adjusted to May 1, 2020, but instead should
remain September 30, 2019.  Gorman was represented by Jessica A. Fiscus, Esq.
(Counsel)[2] in this matter, but Counsel now petitions this Court to withdraw her

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation
and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act
of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101
and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

[2] Counsel is an Assistant Public Defender for the Erie County Public Defender's Office.
*See* Counsel's No-Merit Letter, 04/22/2020.

appearance on behalf of Gorman. Counsel submits to this Court a no-merit letter,[3] asserting that Gorman's Petition for Review (Petition) lacks merit. Upon review, we grant Counsel's request to withdraw her appearance and affirm the Board's order.

## I.    Background

On May 8, 2003, the Court of Common Pleas of Crawford County sentenced Gorman to 6 to 17 years' imprisonment for robbery and indecent assault. Certified Record (C.R.) at 6. His minimum sentence was September 23, 2008, and his maximum sentence was September 30, 2019. *Id.* Gorman was paroled from a state correctional institution (SCI) on April 20, 2018, with a maximum sentence date of September 30, 2019. C.R. at 72. At the time of his parole, Gorman had 528 remaining days on his original sentence. *Id.*

On June 23, 2018, the City of Erie Police Department arrested and charged Gorman with strangulation, terroristic threats, simple assault, false imprisonment, loitering and prowling at nighttime, disorderly conduct, and open lewdness. *Id.* at 10-14. These charges were related to an alleged domestic incident involving his wife. *Id.* Gorman did not post bail on these charges and the Board

---

[3] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. *Anders*, 386 U.S. at 744. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. & Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In seeking to withdraw, counsel must submit a petition to withdraw and a brief "referring to anything in the record that might arguably support the appeal." *Cmwlth. v. Baker*, 239 A.2d 201, 202 (Pa. 1968) (quoting *Anders*, 386 U.S. at 744). The Supreme Court of Pennsylvania, however, has held that in matters that are collateral to an underlying criminal proceeding, such as parole matters, counsel seeking to withdraw from representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

issued a Warrant to Commit and Detain on June 23, 2018. *Id*. at 17. Gorman was sentenced on January 23, 2019, to a new term of confinement not to exceed 12 months to be served in a county correctional facility. *Id.* at 72.

Gorman's parole agent recommended the Board revoke Gorman's parole. *Id.* at 25. Gorman waived his revocation hearing and right to counsel and admitted the new convictions. *Id.* The Hearing Examiner recommended that the Board recommit Gorman as a convicted parole violator (CPV) and to serve 12 months of backtime. *Id.* at 40-1. She further recommended that Gorman not receive credit for time at liberty on parole due to his extremely poor supervision history and multiple failures in complying with the terms of his parole. *Id.* at 41. The Board classified Gorman as a CPV, and, as a result, Gorman owed time from the issuing of a warrant on June 23, 2018, to his maximum sentence date of September 30, 2019, a total of 464 days. *Id.*

Due to time served, Gorman was paroled from the county sentence on the day of sentencing, January, 23, 2019. *Id.* However, the Board determined that Gorman was not entitled to any pre-sentence credit because he was not incarcerated solely on the warrant issued by the Board from June 23, 2018, through sentencing on January 23, 2019. *Id.* After awarding Gorman credit for the time that he spent at liberty on parole,[4] the Board noted that there were 464 days between its warrant date of June 23, 2018, and Gorman's prior maximum sentence of September 30, 2019. *Id.* at 59-60. Adding 464 days to the date of Gorman's new sentencing hearing, January 23, 2019, the Board calculated May 1, 2020, as Gorman's new maximum date. *Id.* at 59.

---

[4] The Board gave Gorman credit for the time he spent at liberty from April 20, 2018, through June 23, 2018. C.R. at 59-61; Counsel's No-Merit Letter, 04/22/2020, at 5.

3

Gorman filed an Administrative Remedies Form on March 13, 2019, asserting that the Board erred when it changed his maximum date from September 30, 2019, to May 1, 2020. Gorman also asserted that the Board utilized an incorrect custody for return date[5] and erred in failing to credit him for time served in county prison from June 23, 2018, to January 23, 2019. *Id.* at 63. Gorman submitted additional correspondence to the Board on August 23, 2019, and on September 20, 2019, complaining that he had not yet received a decision on his administrative appeal. *Id.* at 70. On November 4, 2019, the Board affirmed its prior decision recalculating Gorman's new maximum date as May 1, 2020. *Id.* at 72-73.

Gorman filed his Petition with this Court on December 9, 2019. Counsel's No-Merit Letter, 04/22/2020, at 3. Gorman noted that the 30-day appeal period did not apply because the copy of the Board's Order did not identify the "Date Mailed" on the last page of the Order. *Id.* This filing was done through Counsel. *Id.*

## II. Counsel's Application to Withdraw Appearance

In order to withdraw from court-appointed representation, counsel must provide the court with an *Anders* brief, so called for the U.S. Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967). The Pennsylvania Supreme Court has since clarified the *Anders* requirements as relevant to Pennsylvania procedure. *See Cmwlth. v. Santiago*, 978 A.2d 349 (Pa. 2009). In *Santiago*, the Pennsylvania Supreme Court held:

> [I]n the [*Anders*] brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the

---

[5] A custody for return date is defined as "[t]he date the parole violator actually became available to serve his/her backtime." We take judicial notice of the Parole Dictionary, which appears on the Department of Corrections' (DOC) official website at: https://www.cor.pa.gov/parole-supervision/Parole-Dictionary/Pages/A-D-definitions.aspx (last visited Nov. 19, 2020). *See Figueroa v. Pa. Bd. of Prob. & Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006) (taking judicial notice of information found on DOC website).

procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361. The Pennsylvania Supreme Court has further held that in matters involving underlying criminal proceedings, including parole calculation as in the present case, counsel may submit a "no-merit" letter detailing the nature and extent of her review and listing each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless. *Cmwlth. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

On April 22, 2020, Counsel filed a no-merit letter with this Court. Counsel's Application to Withdraw accompanied the no-merit letter. We will now evaluate Counsel's no-merit letter under the standard set forth by the Pennsylvania Supreme Court.[6]

### A. Analysis of No-Merit Letter

Upon inspection of Counsel's filings, pages one through three of her no-merit letter outline the procedural history and facts with appropriate citation to the Certified Record. *See* Counsel's No-Merit Letter, 04/22/20, at 1-3. Our "Background" section above serves as further evidence that Counsel provides a

---

[6] In *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985), this Court established technical requirements that must be satisfied in order to successfully withdraw as counsel. The withdrawing counsel must notify the parolee of her request to withdraw, furnish the parolee a copy of a no-merit letter, and advise the parolee of his right to retain new counsel, or raise any points he may deem worthy of consideration. *Id.* In the present case, we determine Counsel satisfied these requirements. *See* Appl. to Withdraw as Counsel, 04/22/2020, at Ex. A.

competent account of the history of this case as this Court chooses to cite to Counsel's no-merit letter for factual purposes. *See supra* p. 4.

Counsel argues that Gorman filed a timely Petition and that the Petition should proceed before this Court *nunc pro tunc.* While the Board contends that Gorman did not file a timely petition, Counsel asserts that Gorman did not petition for review "within the time allowed by law [because] the failure to do so resulted from the unconstitutional deprivation of the assistance of counsel." *Bronson v. Pa. Bd. of Prob. & Parole*, 421 A.2d 1021, 1026 (Pa. 1980). Counsel provides support for Gorman's appeal to this Court by explaining that Gorman requested the appointment of counsel and an appeal within the required 30-day appeal period.

"A petition for review of a quasijudicial order, or an order appealable under 42 Pa. C.S. §763(b) (awards of arbitrators) or under any other provision of law, shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa. R.A.P. 1512(a)(1); *See* Counsel's No-Merit Letter, 04/22/2020, at 3. The Board issued an order affirming its decision with a clearly marked mailing date of November 4, 2019. C.R. at 72-73. The 30th day to file a timely petition was Wednesday, December 4, 2019.

Counsel filed the Petition on behalf of Gorman on December 9, 2019. Counsel's No-Merit Letter, 04/22/2020, at 3. Counsel avers that Gorman sent a request for representation and an appeal to the Erie County Public Defender's Office through the Erie County Clerk of Courts, which was time-stamped on November 25, 2019. *Id.* Gorman mentioned within this correspondence that the envelope in which the order arrived was postmarked November 4, 2019. *Id.* On December 3, 2019, the Erie County Public Defender's Office confirmed receipt of the time-stamped correspondence and advised Gorman that counsel would be appointed. *Id.*

6

Counsel presents to this Court that Gorman's Petition should proceed as the untimely filing alleged by the Board was a result of the Erie County Public Defender's Office's ineffective counsel. *Id.* at 4. In Counsel's view, Gorman has been denied the effective assistance of counsel in the perfection of this appeal as of right. *Id.* However, Counsel concludes that Gorman's Petition is without merit as the Board did not err in its calculation of Gorman's maximum sentence.[7] *Id.* at 5-6.

While we acknowledge that the Petition was filed with this Court on December 9, 2019, five days after the filing deadline, we accept Counsel's argument that the delay was not due to inaction on the part of Gorman. *See Blair v. Pa. Bd. of Prob. & Parole*, 518 A.2d 899, 901-02 (Pa. Cmwlth. 1986). Therefore, we will proceed in evaluating the merits of the Petition.

---

[7] In Counsel's No-Merit Letter, dated April 22, 2020, Counsel addresses the matter of mootness in regard to the present case:

> [Gorman] submits that, while he maxes out the original sentence on May 1, 2020, the instant appeal is not moot because he still has to serve the balance of his new Erie County sentence and a period of probation . . . (ordered to be served consecutively to the original sentence) and the outcome of this case could affect the maximum sentences at those dockets. *See McClinton v. Pa. Bd. of Prob. & Parole*, [(Pa. Cmwlth., No. 1287 C.D. 2018, filed May 29, 2019)], slip op. at 3, n.6 (unpublished memorandum).

Counsel's No-Merit Letter, 04/22/2020, at 6 n.3. Gorman was sentenced on January 23, 2019, by the Court of Common Pleas of Erie County to 6 to 12 months' incarceration for resisting arrest. C.R. at 53. Gorman argues that the outcome of his Petition to this Court could affect the maximum sentences associated with the January 23, 2019 sentencing by the Court of Common Pleas of Erie County. Counsel asserts that while the maximum date of May 1, 2020, which is central to Gorman's Petition has passed, this Petition should not be dismissed as moot because of the potential effect of the Court's decision on Gorman's maximum sentencing in Erie County. We note and accept Counsel's argument that the Petition is not moot, and, accordingly, we evaluate the Petition on the merits.

7

Counsel asserts that Gorman's Petition is frivolous and without merit and supports her conclusion with relevant statutory provisions and case law. If a person is paroled from an SCI but receives a new sentence that is to be served in a county correctional facility, the sentence for the new crime precedes the commencement of service of the balance of the original term. 61 Pa. C.S. §6138(a)(5)(i)-(iii). In the present case, the Board paroled Gorman on April 20, 2018, but Gorman was arrested on new charges on June 23, 2018. C.R. at 6-7; 10-14. "A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which . . . the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator." 61 Pa. C.S. §6138(a)(1).

Gorman was arrested and detained by the City of Erie Police Department on June 23, 2018. C.R. at 15. Although bail was set on June 23, 2018, Gorman never posted bail on his new charges. *Id.* at 17. On January 23, 2019, the Court of Common Pleas of Erie County sentenced Gorman to 6 to 12 months' incarceration for resisting arrest and awarded credit for time served of 215 days from June 23, 2018 (date of arrest), through January 23, 2019 (date of sentencing). C.R. at 53; Counsel's No-Merit Letter, 04/22/2020, at 5. Counsel cites to *Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 761 n.7 (Pa. 2017), holding that "if a parolee is detained both on a detainer by the Pennsylvania Board of Probation and Parole and for new charges for which he did not satisfy bail requirements, the time spent in custody is to be credited to the sentence imposed for the new charges, but if the parolee was . . . detained solely on the Board's detainer, time in custody is to be credited against the original sentence."

Counsel argues that because Gorman never posted bail for the county charges, and Gorman had an obligation to serve the new sentence first, the credit of 215 days to the new sentence was proper. *Smith.* Further, Counsel asserts that the Board correctly calculated Gorman's custody for return date as January 23, 2019, the date of his sentencing/parole from the county sentence. Counsel's No-Merit Letter, 04/22/2020, at 5. While Gorman argues that he should be credited the 215 days on his original sentence as well, the Board does not have this authority. *See Walker v. Pa. Bd. of Prob. & Parole*, 729 A.2d 634, 638 (Pa. Cmwlth. 1999) (holding that a parolee cannot serve his new sentence concurrently with the original sentence); Counsel's No-Merit Letter, 04/22/2020, at 5-6.

Counsel also agrees that the Board properly calculated Gorman's new maximum sentence of May 1, 2020. The Board gave Gorman credit for the time he spent at liberty from April 20, 2018, through June 23, 2018. C.R. at 59-61; Counsel's No-Merit Letter, 04/22/2020, at 5. Between June 23, 2018 (warrant date), and September 30, 2019 (original maximum), Gorman had 464 days remaining on his original sentence. *Id.* By adding 464 days to the custody for return date of January 23, 2019, the Board calculated the new maximum sentence of May 1, 2020. *Id.*

### B. Counsel Met All Requirements

In her no-merit letter and Application to Withdraw as Counsel, Counsel met all requirements set forth and clarified by the Pennsylvania Supreme Court. As Counsel provided this Court with a summary of the facts of this case with citation, points of support for this appeal, and her conclusion and reasoning that Gorman's Petition constitutes a frivolous appeal, we grant Counsel's Application to Withdraw as Counsel.

9

### III. Petition for Review

We incorporate the arguments of Counsel presented in Section II of this opinion. While Gorman asserts that the Board erred in its calculation of his new maximum date, the Board's recalculation is supported by relevant case law as cited throughout Section II. Gorman was paroled by the Board and subsequently arrested in violation of that parole. The Board appropriately recalculated Gorman's maximum sentence date as May 1, 2020, to reflect his parole violation and remainder of the time on his original sentence.

### IV. Conclusion

For the aforementioned reasons, we grant Counsel's Application to Withdraw as Counsel and affirm the Board's order.

_____
J. ANDREW CROMPTON, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael A. Gorman,               :
                   Petitioner    :
                                 :
         v.                      :   No. 1745 C.D. 2019
                                 :
                                 :
Pennsylvania Board of Probation  :
and Parole,                      :
                   Respondent    :

# **O R D E R**

**AND NOW**, this 20th day of November 2020, we **GRANT** Jessica A. Fiscus, Esq.'s Application to Withdraw as Counsel and **AFFIRM** the order of the Pennsylvania Board of Probation and Parole.

_____
J. ANDREW CROMPTON, Judge