J-S30006-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
    :    PENNSYLVANIA
    :
v.    :
    :
    :
KEON ANTHONY CLARK    :
    :
Appellant    :    No. 1503 WDA 2019

Appeal from the Order Entered August 30, 2019
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0001197-2017

BEFORE: MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:           FILED AUGUST 26, 2020

Keon Anthony Clark (Appellant) appeals from the August 30, 2019 order in which the trial court purported to reinstate its first sentencing order. After much consideration, we quash.

This case is extremely confusing due to multiple procedural missteps. While on parole, Appellant was arrested and charged with violating the Controlled Substance Drug Device and Cosmetic Act. On October 15, 2018, Appellant entered a negotiated guilty plea to delivery of a controlled substance and criminal use of a communication facility.[1] On December 3, 2018, the trial court sentenced Appellant to an aggregate 27 months to 15 years in prison.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512(a).

Consistent with the terms of the negotiated plea, the court ordered that Appellant's sentence "run concurrently with any sentence [Appellant] is presently serving." Order, 12/3/18.[2] Appellant filed a timely post-sentence motion in which he requested that the court declare him RRRI eligible. The trial court granted the motion and entered an amended order on January 9, 2019, providing that Appellant was RRRI eligible. All other provisions of the December 3, 2018 order remained in "full force and effect." Order, 1/9/19. Going forward, we refer to these orders as Appellant's "first sentence." Appellant did not file a direct appeal.

On March 13, 2019, Appellant filed a pro se petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The same trial court judge sat as the PCRA court, and appointed counsel. On April 29, 2019, counsel filed an amended petition in which Appellant sought to withdraw his guilty plea because the Department of Corrections refused "to honor his sentence to run concurrent with his prior 'back time' from another state sentence." Amended PCRA petition, 4/29/19, ¶ 6. Appellant referenced the plea agreement and requested enforcement of the first sentence to run concurrent to his "back time" sentence resulting from his parole violation. However — and significantly — the Parole Board is statutorily required to

---

[2] As we discuss below, the negotiated concurrent running of the sentence was statutorily impermissible and therefore illegal.

run Appellant's parole revocation sentence consecutively to another sentence. 61 Pa.C.S.A. § 6138.

> [The Parole Act] mandates that sentences for crimes committed on parole must be served consecutively with time remaining on original sentences and thus prohibits courts of this Commonwealth and the Board from imposing concurrent sentencing. Also, the Board may not impose a parole violation sentence to run concurrently with a new sentence for an offense committed while on parole.

Walker v. Pennsylvania Board of Probation and Parole, 729 A.2d 634, 638 (Pa. Cmwlth. Ct. 1999) (citations omitted and emphasis added).

On July 29, 2019, the PCRA court held a hearing on Appellant's petition. At the conclusion of the hearing, the court did not expressly deny or grant relief, but now recognizing that it lacked authority to order the first sentence to run concurrently, imposed a new sentence (second sentence), providing that Appellant serve one day to five years of in prison.[3] The court ordered the second sentence to run consecutive to Appellant's sentence for his parole violation.

_____

[3] Although the PCRA court did not expressly deny or grant Appellant's petition, its order was responsive to Appellant's request that the court review his first sentence, which the court belatedly but properly found to be illegal. Pennsylvania Rule of Criminal Procedure 910 provides that "[a]n order granting, denying, dismissing or otherwise finally disposing of a petition for post-conviction relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910 (emphasis added). Because the court disposed of Appellant's petition, we construe the July 29, 2019 order as final and appealable. See id.

That same day,[4] and despite being represented by counsel, Appellant filed a pro se post-sentence motion[5] requesting that the court vacate the second sentence and restore the first sentence with the illegal provision that the sentence run concurrent to Appellant's sentence for violating parole.[6]  The

_____

[4] Although Appellant's pro se motion was docketed in the lower court on August 9, 2019, we deem it as filed on July 29, 2019, when it was handed to prison authorities.  See Pa.R.A.P. 121(a) ("A pro se filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to prison authorities for purposes of mailing or placed in the institutional mailbox[.]").

[5] Appellant's pro se motion was a legal nullity because Appellant was represented by counsel.  Commonwealth v. Williams, 151 A.3d 621, 623 (Pa. Super. 2016).

[6] This motion cannot be considered a second or subsequent PCRA petition.  Under the PCRA, any petition "shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).

> [I]n circumstances in which no timely direct appeal is filed relative to a judgment of sentence, and direct review is therefore unavailable, the one-year period allowed for the filing of a post-conviction petition commences upon the actual expiration of the time period allowed for seeking direct review, as specified in the PCRA.

Commonwealth v. Ballance, 203 A.3d 1027, 1031 (Pa. Super. 2019) (emphasis added).  In other words, a "PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights" – i.e., after the judgment of sentence has become final.  Commonwealth v. Leslie, 757 A.2d 984, 985 (Pa. super. 2000) (per curiam) (emphasis in original); see also Comment to Pa.R.Crim.P. 901 ("petition for post-conviction relief . . . is not intended to be a substitute for . . . the availability of appeal or a post-sentence motion.").

court forwarded Appellant's pro se motion to his counsel, who on August 9, 2019, filed a "Motion for Sentence Review."

On August 9, 2019, the court entered an order stating that "[U]pon consideration of [Appellant's] Pro Se Request to Reinstate his Original Sentence," it was vacating the July 29, 2019 second sentence; the court scheduled another hearing. On August 30, 2019, the court convened a hearing at which it recognized that because Appellant was represented by counsel, his pro se motion was a legal nullity.[7] The court thus limited its review to the motion filed by Appellant's counsel. At the conclusion of the hearing, the court entered the following order:

> AND NOW, August 30, 2019, this matter having come before the [c]ourt on the [Appellant's counseled] motion for sentence review and the Court having held a hearing thereon, it is hereby ordered and directed as follows:
>
> 1. The [second] sentencing order of July 29, 2019, is vacated forthwith.
>
> 2. The [first sentence] of December 3, 2018, and as amended by the order of January 9, 2019 is reinstated and shall remain in full force and effect.

Order, 8/30/19.

_____

[7] It is well settled that hybrid representation is not permitted. See Commonwealth v. Jette, 23 A.3d 1032, 1036 (Pa. 2011) (concluding that a petitioner's pro se motion for remand when that petitioner is represented by counsel is impermissible as hybrid representation).

On September 25, 2019, Appellant filed a pro se notice of appeal,[8] essentially claiming that the Parole Act notwithstanding, he is entitled to concurrent sentences.

At this juncture, we are compelled to address jurisdiction, which we may raise sua sponte. Commonwealth v. Burks, 102 A.3d 497, 500 (Pa. Super. 2014).

In cases where no post-sentence motions are filed, a defendant must appeal within 30 days. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). If a defendant files a timely post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). Except in circumstances not applicable to this case, a defendant must file a post-sentence motion within 10 days, Pa.R.Crim.P. 720(A)(1); an untimely post-sentence motion does not toll the appeal period. Commonwealth v. Green, 862 A.2d 613, 618 (Pa. Super. 2004) (en banc).

Here, Appellant filed his pro se post-sentence motion timely on July 29, 2019, after the court entered its order vacating the first sentence and imposing the second sentence. As discussed, however, the pro se post-sentence motion was a legal nullity because Appellant was still represented by counsel. See Commonwealth v. Nischan, 928 A.2d 349, 355 (Pa. Super.

_____

[8] Although there is no right to hybrid representation, there is a right to appeal pursuant Article 5, § 9 of the Pennsylvania Constitution. Commonwealth v. Ellis, 626 A.2d 1137, 1138 (Pa. 1993). Because a notice of appeal protects a constitutional right, the trial court properly docketed the pro se notice of appeal and forwarded it to this Court pursuant to Pa.R.A.P. 902 (note).

2007); see also Commonwealth v. Cherry, 155 A.3d 1080, 1082-83 (Pa. Super. 2017) ("[O]nce counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties."). When a counseled defendant files a pro se document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken. Commonwealth v. Williams, 151 A.3d 621, 623 (Pa. Super. 2016).

Appellant's counsel filed a post-sentence motion on August 9, 2019 — 11 days after the July 29, 2019 second sentence. The untimely counseled motion tolls the appeal period only if the court accepted it under its limited authority to allow a post-sentence motion nunc pro tunc.

This Court has held that a post-sentence motion may toll the appeal period only if: (1) within 30 days of sentence, a defendant requests that the trial court consider a post-sentence motion nunc pro tunc ("The request for nunc pro tunc relief is separate and distinct from the merits of the underlying post-sentence motion."), and (2) the court expressly permits the filing of the motion nunc pro tunc, also within 30 days of imposition of sentence. Commonwealth v. Dreves, 839 A.2d 1122, 1128-29 (Pa. Super. 2003) (en banc) (emphasis added). "If the trial court does not expressly grant nunc pro tunc relief, the time for filing an appeal is neither tolled nor extended." Id. at 1128. Moreover, "[t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting nunc pro tunc relief." Id. at 1129.

- 7 -

Here, Appellant failed to meet the Dreves requirements because counsel did not request permission to file the motion nunc pro tunc, and although the court granted the motion, it did not expressly grant permission to consider the motion filed nunc pro tunc.

Consistent with the foregoing, Appellant had to file his appeal within 30 days of the second sentence imposed on July 29, 2019. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(c)(3). Appellant filed his notice of appeal on September 25, 2019 — 58 days later. The appeal is untimely. Accordingly, we quash.[9]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2020

_____

[9] Finally, we note that a trial court retains jurisdiction to modify or rescind an order for 30 days after its entry if no appeal is taken. 42 Pa.C.S.A. § 5505. Here, the trial court purported to vacate the second sentence and reinstate the first sentence in its August 30, 2019 order, 32 days after it entered the second sentence on July 29, 2019. The court's August 30, 2019 order is thus null and supports quashal. The July 29, 2019 sentencing order remains in effect.